Gabriel **FAGOT RODRIGUEZ**,et al., Plaintiffs,

v.

The **REPUBLIC OF COSTA RICA**, et al., Defendants.

**Civil No. 93–2406 DRD.**

United States District Court, D. Puerto Rico.

March 31, 2000.

---

Salvador Antonetti–Zequeira, Fiddler, Gonzalez & Rodriguez, San Juan, PR, A.J. Bennazar–Zequeira, A.J. Bennazar Law Offices, Hato Rey, PR, Heriberto J. Burgos–Perez, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for Defendants.

Victor J. Casal–Vazquez, Hato Rey, PR, Jose G. Fagot–Diaz, Martinez Odell & Calabria, San Juan, PR, for Plaintiffs.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

By Opinion and Order dated December 29, 1999 (Docket No. 199), the Court determined that the Republic of Costa Rica and the Consulate of Costa Rica (hereinafter collectively referred to as "Costa Rica") could potentially be held liable in tort for having trespassed the Fagot's property when they established a consular office therein without the Fagot's prior consent and in direct and open contradiction to the lease agreement signed by the Fourniers. *Hatahley v. U.S.*, 351 U.S. 173, 76 S.Ct. 745, 100 L.Ed. 1065 (1956) (actions for trespass are not discretionary and, hence, actionable under the Foreign Sovereign Immunities Act, hereinafter referred to as the "FSIA", 28 U.S.C. § 1602). The Court further held that Costa Rica could also potentially be held liable under the commercial activity exception of the FSIA, *Joseph v. Office of Consulate General of Nigeria*, 830 F.2d 1018, 1024 (9th Cir. 1987), for each month to month lease contract entered into as of June or August of 1993 and once the Fagots knew that Costa Rica was occupying the leased premises and that the Fourniers were occupying the residence as agents to Costa Rica. Because this date was not clear to the Court at the time and because evidence had not been

presented as to the quantum of damages suffered by the Fagots as a consequence of the Defendants' trespass, the Court determined that an evidentiary hearing was to be held before reaching a final determination as to damages. Said hearing was held today.

Previous to this date, on September 28, 1999, the Court held an evidentiary hearing on default against Co-defendants Angelo Greco and Hilda Fournier. (Docket No. 116). At said hearing, the Court granted judgment against Co-defendants Angelo Greco and Hilda Fournier in the amount of $78,000.00 for rent owed and not paid from June 1993 to October 1994 [1]. Said rent was calculated at $2,500.00 each for the months of June and July of 1993, and $5,000.00 each for the months of August 1993 to October 1994. In addition, the Court granted Plaintiffs' request for compensation of mental distress suffered as a result of the violation of the lease agreement, although the Court did not at that time determine the quantum of damages to be compensated.

Having held the aforementioned evidentiary hearings, the Court now disposes as follows:

Pursuant to the terms and conditions of the Lease Agreement entered into on September 25, 1991, between the Fagots and the Fourniers, the Fourniers were bound by contract to use the Plaintiffs' property located at 1890 Pasionaria Street, Santa María, Río Piedras, Puerto Rico, exclusively for residential purposes. The Fourniers, however, did not comply with their contractual obligation. Instead, Hilda Fournier and Angelo Greco, as Counsel and Vice Counsel of Costa Rica in Puerto Rico, individually and jointly and in direct violation of a covenant of the contract that the property be used exclusively as a residence, set up the site of the Consulate of Costa Rica in the Plaintiffs' property without obtaining the Plaintiffs' consent prior

thereto or disclosing their actions. Hence, from September 1991 through October 31, 1994, Costa Rica unlawfully occupied the Plaintiffs' property. Further, during the time of said occupation, neither the Republic nor the Consulate paid Plaintiffs any rent in exchange for their commercial rather than residential use of the property that was rented to the Fourniers.

■ Despite the Fourniers' operation of the Consulate in the Fagot's property, Plaintiffs were initially unaware of Costa Rica's trespass. Indeed, up until June 1993 Plaintiffs received payment for their property's rent from the Fourniers and it was not until August 1993, when the Fagots initiated eviction proceedings against the Fourniers for failure to pay rent during the months of June and July 1993, that the Fagots first discovered that the Consulate was being operated from their property. At this time the Fagots demanded for a second time that the Fourniers vacate the premises and demanded from Defendants a new monthly rent of $5,000.00 for every month that Defendants remained in the property since the property was being used both as a residence and as the site for the Consulate of Costa Rica. Notwithstanding Plaintiffs' demands, Defendants did not pay any rent and continued to occupy the property until October 31, 1994. Accordingly, all Defendants are found to be jointly and severally liable in the amount of **$75,000.00** corresponding to the $5,000.00 of monthly rent owed for the fifteen (15) months between August 1993 and October 31, 1994. Further, Co-defendants Hilda Fournier and Angelo Greco are found to be jointly and severally liable in the amount of **$5,000.00** corresponding to the $2,500.00 of monthly rent owed for the months of June and July 1993. Finally, Co-defendants Hilda Fournier and Angelo Greco are found to be jointly and severally liable in the amount of **$57,500.00** corresponding to the difference in rent

---

1. This calculation is mistaken. As is done later in this Opinion and Order, Plaintiffs should have been granted $80,000.00 for rent owed: $75,000.00 for the months of August 1993 to October 31, 1994 and $5,000.00 for the months of June and July 1993.

that Plaintiffs would have been paid during the twenty three (23) months that the Consulate was being operated from their property had Plaintiffs rented their property for commercial, rather than residential, purposes. That is, had Plaintiffs rented their property for residential and/or commercial use, Plaintiffs would have rented their property for $5,000.00 per month instead of $2,500.00 per month during the entire duration of the initial contract that ruled the parties' relationship from September of 1991 and July of 1993. Thus, Plaintiffs must be compensated for the $2,500.00 amount which they did not receive during the twenty three (23) month period that the Consulate was being operated from their property without their knowledge. Neither the Republic nor the Consulate can be held liable for this deficiency in rent paid during the duration of the initial contract between the parties because Plaintiffs were not during this time aware that Hilda Fournier and Angelo Greco were acting as agents to Costa Rica. Following the principles of agency under Puerto Rico law, a principal is liable for his or her agents acts only where the agency has been disclosed. (See the Court's discussion of the principal-agent relationship in the Opinion and Order of December 29, 1999, Docket No. 119).[2]

■ Aside from the amounts owed to Plaintiffs for failure to pay rent, the Court finds that Co-defendants Hilda Fournier and Angelo Greco are jointly and severally liable to Plaintiffs in the amount of $3,000.00 for repairs to the Fagot's property due to damages caused in the operation of the Consulate.

■ Plaintiffs are further entitled to the amount of fifteen thousand dollars ($15,000.00) each for the mental distress suffered as a result of not being able to enter their own property, finding it structurally altered after having specifically contracted that structural alterations required their written consent, and discovering that the Consulate had been operated from within. Notwithstanding, because all of these damages were caused in the performance of a discretionary function, the Foreign Sovereign Immunity Act precludes the imposition of liability for them upon Costa Rica. *See MacArthur Area Citizens Association v. Republic of Peru,* 809 F.2d 918 (D.C.Cir. 1987). (See also the Court's discussion of the tortious activity exception to the FSIA in the Opinion and Order of December 29, 1999, Docket No. 119). Therefore, the Court holds Hilda Fournier and Angelo Greco jointly and severally liable for these damages, not so the Republic or the Consulate.

To recapitulate, all Co-defendants are held to be jointly and severally liable in the amount of $75,000.00 for rent owed for the months of August 1993 to October 31, 1994. Co-defendants Hilda Fournier and Angelo Greco are additionally held to be jointly and severally liable in the amount of $5,000.00 for rent owed for the months of June and July of 1993; $57,500.00 for the deficiency in rent paid for the months of September 1991 to July 1993; $3,000.00 for repairs due to damages caused to the property; and $15,000.00 for each Plaintiff for mental damages and distress.

■ Plaintiffs are also entitled to collect prejudgment legal interests on the judgment as to collection of rent under Puerto Rico's Rule of Civil Procedure 44.3, tit. 32, Ap. III, P.R. Laws Ann. R. 44.3. *See U.S. Dept. of Navy v. Delta Contractors,* 893 F.Supp. 125, 132 and n. 10 (D.P.R.1995) and cases cited therein. Under Rule 44.3, Plaintiffs are entitled to collect legal inter-

---

**2.** The Court has engaged in this detailed delineation of liability so as to avoid the inadvertent granting of duplicative damages. *See Garshman Co. Ltd. v. General Electric Co.,* 176 F.3d 1, 5 (1st Cir.1999); *Dopp v. HTP Corp.,* 947 F.2d 506, 517 (1st Cir.1991); *Borden v. Paul Revere Life Ins.,* 935 F.2d 370, 383 (1st Cir.1991) ("A plaintiff's recovery against a defendant under one tort theory precludes any duplicative recovery for the same damages under some other tort theory.") (citations omitted); *Duford v. Sears Roebuck and Comp.,* 833 F.2d 407 (1st Cir.1987).

est from the date their cause of action for collection of money arose. Accordingly, Plaintiffs are entitled to have their legal interests calculated from the date each month to month payment of rent was due and not paid. Plaintiffs, therefore, are ordered to present a memorandum as to the calculus of prejudgment interest within ten (10) days, enabling the Court to incorporate said amount in an Amended Judgment.

Finally, Plaintiffs are entitled to attorneys' fees and costs because under Puerto Rico law Defendants have incurred in temerity.[3] P.R. Laws Ann. tit. 32, Ap. III. R. 44.1(d). *See also Tokyo Marine and Fire Ins. Co. Ltd. v. Perez & Cia. De P.R., Inc.*, 142 F.3d 1, 11–12 (1st Cir.1998); *Dopp v. Pritzker*, 38 F.3d 1239, 1252–1253 (1st Cir.1994); *De Leon Lopez v. Corporacion Insular de Seguros*, 931 F.2d 116, 126 (1st Cir.1991); *Fernandez v. San Juan Cement Co.*, 118 D.P.R. 713 (1987); Hence, Plaintiffs' counsel is to certify to the Court within ten (10) days the proposed rate for lawyers' fees, the amount of time dedicated and the costs incurred in fructiferous efforts towards the collection of money owed by Defendants. Plaintiff is to strictly follow the criteria set forth in *Coutin v. Young & Rubicam Puerto Rico, Inc.*, 124 F.3d 331 (1st Cir.1997).[4]

Judgment to be entered accordingly.

---

**3.** Co-defendants Fournier and Greco for not accepting liability on a clear violation to a contract. Costa Rica for not accepting to pay rent for using the Fagot's property.

**4.** On March 22, 2000, Counsel for the Republic and the Consulate requested reconsideration of the Court's prior Order denying leave to withdraw as counsel of record. (Docket No. 121). The Court granted said request for reconsideration and leave to withdraw based on a total lack of communication between counsel and his clients given the extraordinary circumstances present and the corroborating documental evidence now filed under seal with the Court. *See U.S. v. Pierce*, 60 F.3d 886, 891 (1st Cir.1995).