**Jose A. NUÑEZ SANTIAGO, et al., Plaintiffs,**

v.

**PUERTO RICO ELECTRIC POWER AUTHORITY, et al., Defendants.**

**No. CIV. 99–2280(RLA).**

United States District Court, D. Puerto Rico.

May 9, 2002.

Jorge M. Izquierdo–San Miguel, Izquierdo Stella & Izquierdo San Miguel, San Juan, PR, for Plaintiffs.

José A. Gallart, San Juan, PR, for Defendants.

## ORDER IN THE MATTER OF PREPA's OBSTINACY

ACOSTA, District Judge.

Plaintiffs have moved the court to find defendant PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA") obstinate in these proceedings in denying facts conceded by its counsel at the onset of the litigation and verified by PREPA employees during discovery and eventually at trial.

## BACKGROUND

This action was filed to recover damages for the injuries sustained by a minor as a result of coming into contact with a PREPA switching unit. Plaintiffs sued both PREPA as well as CARIBBEAN RESTAURANTS, owners of a BURGER KING RESTAURANT ("BURGER KING") where the unit was located. PREPA denied liability, blamed the accident on the minor's parents, and cross-claimed BURGER KING. The court dismissed the claims asserted against BURGER KING pursuant to Rule 50(a) Fed. R.Civ.P. and the jury found PREPA 100% liable for the accident after an eight-day trial.

Plaintiffs essentially argue that PREPA denied crucial facts which went virtually unchallenged at trial and should now be held accountable for their conduct.

## RULE 44

■ P.R. Laws Ann. tit. 32, App. III, R. 44.1(d) (Supp.1998) provides that "[i]n the event any party or its lawyer has acted obstinately or frivolously, the court shall, in its judgment, impose on such person the payment of a sum for attorney's fees." Additionally, pre-judgment interest is also mandated "on the party that has acted rashly". *Id.* Rule 44.3(b). These provisions have been found applicable to diversity cases where Puerto Rico substantive law provides the basis of decision. *Grajales–Romero v. American Airlines, Inc.,* 194 F.3d 288, 300–01 (1st Cir.1999); *Fajardo Shopping Ctr. v. Sun Alliance Ins. Co. of P.R., Inc.,* 167 F.3d 1, 14 (1st Cir.1999); *Dopp v. Pritzker,* 38 F.3d 1239, 1252 (1994); *Newell Puerto Rico Ltd. v. Rubbermaid Inc.,* 20 F.3d 15, 24 (1st Cir.1994). Further, once the court makes a finding of obstinacy the award of attorney's fees and

imposition of prejudgment interest[1] is mandatory. *Fajardo,* 167 F.3d at 14; *Dopp,* 38 F.3d at 1252; *Newell,* 20 F.3d at 24; *Blas Toledo v. Hosp. Nuestra Señora De La Guadalupe,* 146 D.P.R. 267, 334 (1998).

■ The term obstinate has been described by the courts as conduct which (1) forces an avoidable litigation, (2) needlessly prolongs it or (3) requires opposing party to engage in unnecessary efforts. *Dopp,* 38 F.3d at 1253; *Newell,* 20 F.3d at 24; *Jarra Corp. v. Axxis Corp.,* — D.P.R. — 2001 WL 1616775 (Nov. 30, 2001); *Blas Toledo* 146 D.P.R. at 335; *Fernández Mariño v. San Juan Cement Co., Inc.,* 118 D.P.R. 713, 718 (1987).

Relief under the rule will not be automatically granted to the prevailing party. *Dopp* 38 F.3d at 1253. Rather, this provision aims to penalize a party responsible for causing unnecessary expenses and delays.

The main purpose of awarding attorney's fees in cases of obstinacy is to impose a penalty upon a losing party that because of his stubbornness, obstinacy, rashness and insistent frivolous attitude has forced the other party to needlessly assume the pains, costs, efforts, and inconveniences of a litigation. *Fernández Mariño,* 118 D.P.R. at 718. *See also Fajardo Shopping Ctr.* 167 F.3d at 14; *Dopp,* 38 F.3d at 1252;

### THE FACTS

■ According to plaintiffs, PREPA was obstinate in not admitting prima facie negligence. PREPA defends arguing that it was not obstinate because it was pursuing its cross-claim against BURGER KING the same way plaintiffs were prosecuting their claims against this codefendant.

The jury's charge regarding PREPA's liability was two-fold. First, they could find PREPA liable if their employees had failed to lock the door to the switching unit the day of the accident. They could also find PREPA negligent if someone other than PREPA failed to lock the door and the evidence showed that "PREPA was negligent by failing to have adequate control over the keys to the locks to the switching units and that this negligence gave the opportunity to someone other than PREPA, access to the switching units and to leave the door open." Tr. 1098–99.

PREPA presented evidence to controvert plaintiffs' allegations that its employees had worked on the unit on March 21, 1999. There was, however, no evidence introduced to rebut the following facts: (1) PREPA owned the switching unit; (2) PREPA knew the switching unit had no padlock the day of the accident; (3) there was no evidence of vandalism; (4) only PREPA employees are supposed to have keys to the special padlocks; (5) PREPA was in charge of keeping control of the keys, and (6) there was no adequate control system in place for the keys.

Since its investigation of the accident PREPA was aware of the missing padlock and the absence of evidence of vandalism which can only lead to the conclusion that it was opened with a key. The switching units had "special padlocks purchased in bulk for all their facilities and are opened with a special master key for PREPA's exclusive use."[2] According to the uncontested testimony at trial there was no system in place at PREPA to account for the keys. The total absence of control over

---

1. The difference in the terms used by the rules has been found "inconsequential, for the case law makes it transpicuously clear that the legally operative conduct under both rules is that of obstinacy." *Dopp,* 38 F.3d at 1252.

2. *See* Minutes of Initial Scheduling Conference Held on April 12, 2000.

the keys is more significant since it was the sole security measure available at the switching unit. PREPA was privy to this information all along and yet plaintiffs were forced to engage in extended discovery and subsequent trial to introduce this evidence at trial.

Further, PREPA's admission of these facts would not have precluded the jury from entertaining evidence of BURGER KING's liability and/or plaintiffs' contributory negligence. Based on the evidence eventually presented at trial, it would have been for the jury to determine which of the parties in this case, i.e., plaintiffs, PREPA, and BURGER KING, either alone or in combination proximately caused the accident. We find that under these circumstances PREPA was obstinate in not admitting the aforementioned facts.

Defendants' settlement offers on the eve of trial and during trial came too late. By then plaintiffs had already expended time and expenses in conducting discovery and trial preparation.

## CONCLUSION

Based on the foregoing, plaintiffs' Motion to Amend the Judgment Finding the Defendant's [sic] Obstinate (docket No. 109)[3] is **GRANTED.**

Accordingly, PREPA is found liable for pre-judgment interest from November 23, 1999[4] at the rate of 10.50% pursuant to Rule 44.3(b).

Plaintiffs shall file a motion itemizing their demand for attorney's fees **no later than June 14, 2002.**

IT IS SO ORDERED.

---

3. *See also* PREPA's Opposition... (docket No. 121) and plaintiffs' Reply... (docket No. 122).

4. The date when the complaint was filed.