JORGE STELLA ROYO, demandante y apelante, *v.* ANTONIO BONILLA, demandado y apelado.

Núm. 9199.—*Sometido:* Diciembre 26, 1945. *Resuelto:* Enero 14, 1946.

*Carlos D. Vázquez,* abogado del apelante; *A. Reyes Delgado* y *H. Miranda Negrón,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

La única cuestión de que se queja el apelante en este recurso es la de que el demandado no fué condenado a pagar honorarios de abogado, no obstante declarar la propia corte sentenciadora que fué temerario.

Se trata de un caso de reclamación de daños y perjuicios que el demandado negligentemente causó con un camión al vehículo de motor del demandante. Examinado el récord aparece que el demandado negó toda responsabilidad por el accidente, a pesar de que la evidencia luego demostró que su negligencia había sido manifiesta. Constan también del récord las tácticas dilatorias del demandado solicitando y obteniendo repetidas posposiciones del juicio, para al fin no comparecer con su prueba cuando finalmente se celebró. Empero, la corte *a quo,* al negar la concesión de honorarios de abogado al demandante, dijo:

"En cuanto a la concesión de honorarios, si bien es verdad que la parte *ha actuado con alguna temeridad,* no deja de ser cierto que depuso su actitud al no comparecer a la última vista del caso en la cual el demandante probó sus daños". (Bastardillas nuestras.)

La imposición de honorarios de abogado está regulada por el art. 327 del Código de Enjuiciamiento Civil, según ha sido enmendado, que en lo pertinente dice:

"En caso de que cualquier parte haya procedido con temeridad la corte *debe* [en inglés dice 'shall'] *imponerle en su sentencia el pago de los honorarios del abogado de la otra parte,* estableciendo en su sentencia el montante de dichos honorarios, teniendo en cuenta el grado de culpa en el litigio y el trabajo necesariamente prestado por el abogado de la otra parte; . . . ." (Bastardillas nuestras.)

El texto citado no deja dudas de que una vez que el juez sentenciador llega a la conclusión de que la parte perdidosa ha sido temeraria es imperativo imponerle la condena de honorarios de abogado. *Couverthie* v. *Santiago,* 62 D.P.R. 782.

De prevalecer el criterio de la corte sentenciadora muy fácil sería para un litigante temerario, consciente de su falta de razón, evadir la condena de honorarios con sólo abstenerse de comparecer al juicio. En nuestra opinión, la incomparecencia del demandado en el presente caso, lejos de justificar su temeridad como litigante, más bien tiende a demostrarla, pues si de buena fe hubiera creído que tenía una defensa meritoria, sin duda hubiera comparecido al juicio a sostenerla.

*Procede modificar la sentencia en el sentido de condenar al demandado a pagar los honorarios de abogado, los cuales deben fijarse en la cantidad de $100, teniendo en cuenta el grado de culpa en el litigio y el trabajo necesariamente realizado por el abogado del apelante. Así modificada se confirma la sentencia.*