VICENTE FERNÁNDEZ MARIÑO y OTROS, demandantes y recurrentes, *v.* SAN JUAN CEMENT CO., INC. y OTROS, demandados y recurridos.

*Número:* RE-86-74      *Resuelto:* 22 de abril de 1987

---

([7]) Originalmente nuestra orden de mostrar causa intimaba que debería distribuirse entre tres (3).

714

*R. Elfrén Bernier* de *Bernier & Cuevas Segarra,* abogado de los recurrentes; *Héctor Cuebas Tañón,* del Bufete *Harold D. Vicente,* abogado de los recurridos.

El Juez Asociado Señor Ortiz emitió la opinión del Tribunal.

## I

Este caso se origina con una reclamación de daños y perjuicios por la muerte del menor Vicente Fernández García-Menocal. La demanda fue presentada el 18 de diciembre de 1975 por los familiares y sucesores del joven Fernández. En la demanda se alegó que Vicente Fernández García-Menocal pereció en un accidente mientras manejaba una bicicleta y que dicho accidente fue resultado de la negligencia del demandado, Ángel M. Otero Báez, quien conducía un camión propiedad de la codemandada San Juan Cement Co., Inc., mientras actuaba en funciones de su empleo y para beneficio de su patrono. La demanda se dirigió contra el conductor y su patrono, y contra la United States Fidelity and Guaranty Co.

Mediante sentencia de 9 de diciembre de 1982, se desestimó, bajo la Regla 39.2 de Procedimiento Civil, la demanda contra los codemandados por entender que "los demandantes no cumplieron con su obligación de probar la comisión de un acto culposo o negligente por parte del codemandado, [Á]ngel M. Otero Báez". Esta sentencia fue revocada por este Tribunal([1]), respondiendo al correspondiente recurso de revisión. Mediante sentencia resolvimos que "[l]a prueba de los demandantes, aunque circunstancial, tiende a sostener prima facie un caso de negligencia. Si bien apunta hacia una negligencia comparada, resulta jurídicamente suficiente para derrotar la desestimación solicitada". Sentencia de 23 de febrero de 1983, pág. 5.

Señalamos en aquella ocasión que "[l]a ocurrencia del accidente es *incuestionable*. Tampoco existe controversia de que el conductor del primer camión Barriento Pérez se percató de la presencia de los ciclistas, sin embargo, Otero Báez alega que no los vió hasta después de ocurrido el accidente", y que

---

([1]) Caso Núm. R-83-29.

... "[c]ausa extrañeza su alegación de que no lo vio, cuando el conductor del camión que iba al frente pudo hacerlo". Sentencia, *supra*, págs. 3 y 4.

El caso fue devuelto para la continuación de los procedimientos. Luego de la inhibición del Juez Rodríguez Ossorio, el tribunal de instancia escuchó nuevamente la prueba y dictó sentencia mediante la cual condenó a los demandados a satisfacer solidariamente a los demandantes las siguientes cantidades:

| | | |
|---|---|---|
| 1. A la Sociedad de Gananciales por concepto de funeral, para dividirse por partes iguales entre Vicente Fernández Mariño y la Suc. de Eva García-Menocal ............... | $ | 1,705.85 |
| Deducción de un 50% de negligencia ........ | $ | 852.92 |
| 2. A la Sucn. de Eva García-Menocal por concepto de las angustias mentales de Eva García-Menocal ......................... | $ | 80,000.00 |
| Deducción de un 50% de negligencia ........ | $ | 40,000.00 |
| 3. A Vicente Fernández Mariño por sus angustias mentales ........................ | | $100,000.00 |
| Deducción de 50% de negligencia ........... | $ | 50,000.00 |
| 4. A Eva Fernández García-Menocal por sus angustias mentales ...................... | $ | 20,000.00 |
| Deducción de un 50% de negligencia ........ | $ | 10,000.00 |

Se desestimó la causa de acción en cuanto a Evangelina García-Menocal, Vicente Fernández y María del Rosario Mariño.

La parte demandante acudió ante este Tribunal mediante el correspondiente recurso de revisión en el cual se hacen tres señalamientos de error:

I— "Cometió error el Honorable Tribunal Sentenciador al dejar de imputar temeridad a la parte demandada-recurrida con todas sus consecuencias procesales a pesar de que se trata de un pleito en que la temeridad es de las más extremas que haya registrado la historia judicial pues se negaron en 1976 hechos que a los demandados recurridos le[s] constaban

eran ciertos tales como que el codemandado [Á]ngel M. Otero manejaba el camión, que el niño conducía la bicicleta, la ocurrencia del accidente, el que el demandado Otero Báez estaba en funciones de su empleo y la existencia del contrato de seguros, reiterando la negativa de varios de esos hechos al contestar la demanda enmendada en 1979, amén de otros actos de temeridad y dilación durante el procedimiento".

II— "Cometió error el Honorable Tribunal Sentenciador al no conceder la comprobada partida de la pérdida del valor económico de la vida del occiso, Vicente Fernández [García-] Menocal por el fundamento de haber fallecido a pesar de ser un daño efectivamente sufrido, lo que equivale a dejar sin efecto las disposiciones del Código Civil sobre sucesiones y entronizar una doctrina bárbara y retrógrada que genera males sociales de incalculable deterioro a las concepciones morales del pueblo puertorriqueño".

III— "Cometió error el Honorable Tribunal Sentenciador al imputarle negligencia comparada al occiso Vicente Fernández [García-]Menocal al igual que en la proporción adjudicada."

Ante dichos señalamientos expedimos orden dirigida a la parte demandada-recurrida, para que mostrara causa por la cual no debiéramos expedir el auto solicitado, limitado al señalado error de no imponérsele honorarios de abogado por haber sido temerario. La comparecencia de éstos no nos persuade a resolver contrario a lo intimado. (²)

■ La imposición de honorarios de abogado es discrecional, *Raluan Corp.* v. *Feliciano*, 111 D.P.R. 598 (1981), pero la Regla 44.1 (d) de Procedimiento Civil es clara en el sentido de que cuando una parte ha procedido con temeridad, el tribunal *deberá* imponerle en su sentencia el pago de una suma por concepto de honorarios de abogado. Determinada la existencia de temeridad, la condena de honorarios es imperativa. *Montañez Cruz* v. *Metropolitan Cons. Corp.*, 87 D.P.R. 38 (1962) ; *Ortiz*

---

(²) El 13 de marzo de 1986 declaramos sin lugar la solicitud de revisión de los demandados. Caso Núm. RE-86-79.

v. *Martorell,* 80 D.P.R. 544 (1958) ; *Castro* v. *Payco, Inc.,* 75 D.P.R. 63 (1953) ; *Font* v. *Pastrana,* 73 D.P.R. 247 (1952) ; *Hernández* v. *Caraballo,* 74 D.P.R. 29 (1952) ; *Stella* v. *Bonilla,* 65 D.P.R. 542 (1946).

Nos dice R. Elfrén Bernier que:

> . . . El propósito de esta disposición es desatendid[o] con demasiada frecuencia y el resultado es la continuación de prácticas indeseables en la litigación.
>
> En la facultad de imponer honorarios de abogado en los casos de temeridad existe la mejor arma que tienen los tribunales para reglamentar los procedimientos y lograr que éstos se ajusten a normas que protejan a los litigantes de imposiciones, dilaciones y gastos innecesarios. ([3])

█ El concepto "temeridad" no está expresamente definido por la Regla 44.1 (d) de Procedimiento Civil.

Un comentarista ha dicho que la "temeridad es una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y la administración de la justicia. También sujeta al litigante inocente a la ordalía del proceso judicial y lo expone a gastos innecesarios y a la contratación de servicios profesionales, incluyendo abogados, con el gravamen a veces exhorbitante para su peculio". H. Sánchez, *Rebelde Sin Costas,* 4 (2) Boletín Judicial 14 (1982).

█ El propósito principal de autorizar la imposición de honorarios de abogado en casos de temeridad, es la de establecer una penalidad a un litigante perdidoso que por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito. *Soto* v. *Lugo,* 76 D.P.R. 444 (1954). Hemos señalado que la acción que amerita la condena de honorarios de abogado es cualquiera que haga necesario un pleito que se

---

([3]) R. E. Bernier, *El derecho de accesión en Puerto Rico,* Barcelona, Imp. Vda. de Daniel Cochs, 1970, págs. 30–31.

pudo evitar, *McCormick v. Vallés*, 55 D.P.R. 226, 233 (1930) ; que lo prolongue innecesariamente, *Stella v. Bonilla*, supra; *Ortiz v. Viera*, 59 D.P.R. 358 (1941), o que produzca la necesidad de que otra parte incurra en gestiones evitables, *San Antonio v. Jiménez & Fernández, Sucs.*, 63 D.P.R. 215, 220 (1944). Como ejemplo, hemos resuelto que existe temeridad si el demandado contesta una demanda y niega su responsabilidad total, aunque la acepte posteriormente, *Rodríguez Cancel v. A.E.E.*, 116 D.P.R. 443 (1985) ; [4] si se defiende injustificadamente de la acción, *Montañez Cruz v. Metropolitan Cons. Corp.*, supra; si la parte demandada en efecto cree que la cantidad reclamada es exagerada y esa es la única razón que tiene para oponerse a las peticiones del demandante y no admite francamente su responsabilidad limitando la controversia a la fijación de la cuantía a ser concedida, *Mercado v. American Railroad Co.*, 61 D.P.R. 228 (1943) ; *Reyes v. Aponte*, 60 D.P.R. 890 (1942). Como dijimos en *Pérez Cruz v. Hosp. La Concepción*, 115 D.P.R. 721, 739–740 (1984), si "[s]e arriesgó a litigar un caso del que se desprendía *prima facie la negligencia* .... Debe asumir, pues, la responsabilidad por sus actos". (Énfasis suplido.) Negar un hecho que le consta es cierto al que hace la alegación, también constituye temeridad. *Abréu Román v. Rivera Santos*, 92 D.P.R. 325 (1965).

Por otro lado, las reglas establecen las formas en que se debe alegar contra una demanda. [5] El propósito principal de las reglas sobre alegaciones es delimitar la controversia

---

[4] Véanse, además: *Vda. de Passalacqua v. Cancel*, 90 D.P.R. 501 (1964) ; *U.S. Casualty Co. v. Tribunal Superior*, 89 D.P.R. 785 (1964) ; *Géigel v. Ramos*, 79 D.P.R. 862 (1957) ; *Prado v. Quiñones*, 78 D.P.R. 322 (1955) ; *Valedón v. Fernández*, 78 D.P.R. 257 (1955) ; *Soto v. Lugo*, 76 D.P.R. 444 (1954) ; *Roses v. Juliá*, 67 D.P.R. 518 (1947) ; *Rosado v. Segarra*, 61 D.P.R. 303 (1943) ; *Mercado v. American Railroad Co.*, 61 D.P.R. 228 (1943) ; *Iglesia Católica, etc. v. Puig*, 54 D.P.R. 459 (1939).

[5] Regla 6 de Procedimiento Civil de 1979.

mediante la aceptación por el demandado de todo lo que sea cierto y la negación de solamente lo que *de buena fe* desea impugnar. Para asegurarse de que se dé cumplimiento a este propósito, se establece que el abogado, como funcionario del tribunal, cuando firma una alegación está certificando automáticamente que la ha leído, cree que está bien fundada y no ha sido interpuesta para causar demora. ([6])

Nos advierte R. E. Bernier, *El derecho de accesión en Puerto Rico*, Barcelona, Imp. Vda. de Daniel Cochs, 1970, pág. 20, que:

> No empece la sabiduría de la regla, todavía surgen contestaciones a demandas diciendo que *"se niegan general y específicamente todos los hechos alegados en la demanda"*. A veces esa demanda, cuyas alegaciones son negadas en su totalidad, incluye un apartado que sostiene que el demandado se dedica a tal o cual negocio y que es mayor de edad, u otras alegaciones sobre la identificación personal del demandado. ¡*Pero aun eso se ha negado*!
>
> La situación es a veces más extrema. Luego de negarse todos los hechos de la demanda que puede incluir alegaciones de que el demandado era dueño de un vehículo que se describe y que lo manejaba en determinada fecha, se procede a formular una reconvención. Y . . . para colmo . . . se alega que se es dueño del vehículo que estuvo envuelto en la colisión; se reclama por los daños que sufrió y también por las lesiones que sufrió ya que lo estaba manejando. Es decir, que se niega al contestar que se tuviera vehículo alguno y haberlo manejado, y en el mismo documento se alega afirmativamente lo contrario. (Énfasis nuestro.)

■ Este Tribunal ha resuelto que los abogados deben tener especial cuidado al formular sus alegaciones de *no negar hechos que les constan o que pueden verificar fácilmente* y que negar las alegaciones indiscrimidamente, aun con la muletilla de "por falta de información" es una práctica indeseable que los abogados deben tener especial cuidado en evitar. *P.R.*

---

([6]) Regla 9 de Procedimiento Civil de 1979.

*Amer. Ins. Co.* v. *Tribunal Superior*, 100 D.P.R. 747 (1972). Esta norma ha sido reiteradamente sostenida. *Berríos* v. *U.P.R.*, 116 D.P.R. 88 (1985); *Montero Saldaña* v. *Amer. Motors Corp.*, 107 D.P.R. 452, 457, 458 (1978).

Un examen de los autos demuestra que los demandados fueron temerarios y que el tribunal de instancia incurrió en error al no condenarlos al pago de honorarios de abogado. En su contestación a la demanda, la United States Fidelity and Guaranty Co., negó *todas y cada una* de las alegaciones de la demanda, entre las cuales estaban: la ocurrencia del accidente; que el Sr. Ángel M. Otero conducía el camión; que el niño conducía la bicicleta; que Otero Báez estaba en funciones de su empleo y además que hubiese un contrato de seguros que cubría el riesgo reclamado en la demanda. Más adelante, en su contestación a la demanda enmendada, casi cuatro años desde la ocurrencia del accidente, los demandados volvieron a negar todas las alegaciones, con excepción de la expedición del contrato de seguros. Cuando la demanda fue nuevamente enmendada, se volvió a contestar en 1980, cinco años desde que ocurrieron los hechos y cuatro años después de iniciado el pleito. Se negaron todos los hechos esenciales entre los cuales se incluían la ocurrencia del accidente, la fecha del accidente, que Otero Báez conducía el camión, que lo hacía en funciones de su empleo y hasta la muerte misma del niño. Más aún, en el informe de la conferencia preliminar se estableció como una de las controversias principales a resolverse la ocurrencia del accidente. Al presentar su contestación original, y las subsiguientes, los demandados habían tenido una oportunidad adecuada de investigar los méritos del caso y llegar a conclusiones sobre la ocurrencia del accidente. Estaban en condiciones adecuadas para admitir muchos de los hechos negados en sus contestaciones. Al no admitirlas, no tenían justificación objetiva alguna para tal omisión, prolongaron la duración del litigio y

causaron gastos y molestias innecesarias a los demandantes. ([7])

En *Rodríguez Cancel* v. *A.E.E.*, supra, pág. 461, nos habíamos expresado en el sentido de que: "Si bien es correcto, como expresa la recurrente, que ella aceptó la negligencia que le fuera imputada, dicha aceptación fue con posterioridad a haber negado la misma en la contestación a la demanda que originalmente radicara, en la cual la recurrente, *inclusive, negó la ocurrencia misma del accidente.* En este sentido, *su conducta fue temeraria.*" (Énfasis suplido y cita omitida.)

Los tribunales de justicia no debemos pasar por alto esta clase de conducta. Resolver que actuaciones de esta naturaleza no entrañan temeridad es fomentar litigios innecesariamente. *Raoca Plumbing* v. *Trans World,* 114 D.P.R. 464 (1983). Decidir lo contrario sería premiar a la parte que injustificadamente e indiscriminadamente niega hechos que le constan o le son de fácil corroboración y castigar al que se ve obligado, por la conducta del otro, a incurrir en gastos al acudir al foro judicial. El hecho de que posteriormente se determine que hubo negligencia comparada del occiso, no implica falta de temeridad. Si los demandados hubieran limitado la controversia a ese aspecto, no hubiera habido temeridad.

■ La imposición de intereses en el presente caso es de naturaleza idéntica a la imposición de honorarios de abogado. Ambos proceden cuando la parte perdidosa ha sido temeraria y persiguen idénticos propósitos: disuadir la litigación y alentar las transacciones, mediante sanciones a la parte temeraria que compensen los perjuicios económicos y las molestias, producto de su temeridad, sufridos por la otra parte. *Insurance Co. of P.R.* v. *Tribunal Superior,* 100 D.P.R. 405 (1972). Al igual que con los honorarios de abogado, si el tribunal concluye que una parte ha sido temeraria la imposición de intereses es

---

([7])Actitud que prevaleció aun después de nuestra sentencia en el recurso R-83-29.

imperativa. La propia Regla 44.3(b) de Procedimiento Civil no da margen a una regla distinta; dice dicha regla que el tribunal "impondrá" dichos intereses a la parte que haya procedido con temeridad, desde la radicación de la demanda en casos de daños y perjuicios. *Colondres Vélez* v. *Bayrón Vélez*, 114 D.P.R. 833 (1983); *Rodríguez Cancel* v. *A.E.E.*, supra.

En *Colondres Vélez* v. *Bayrón Vélez*, supra, pág. 843, expresamos:

> . . . No puede haber una temeridad a los fines de la imposición de intereses computados desde fecha anterior a la sentencia y otra temeridad a los fines de la imposición de honorarios de abogado. Ello sería contrario a un ordenado y lógico sistema procesal de hacer justicia.

Por los fundamentos antes expuestos, *se dictará sentencia que modifique la de instancia.*

El Juez Asociado Señor Rebollo López concurre sin opinión escrita.