Juanita RIVERA, Dr. Crucie
Morales, Plaintiffs,

v.

LIFELINK FOUNDATION,
INC., Defendant.

Civil No. 15–2729 (FAB)

United States District Court,
D. Puerto Rico.

Signed June 14, 2017

Juanita Rivera, San Juan, PR, pro se.

Myrta E. Nieves–Blas, Estudio Legal Myrta Estrella Nieves Blas, Aguadilla, PR, for Plaintiff.

Crucie Morales, San Juan, PR, pro se.

David Fernandez–Esteves, Law Offices Benjamin Acosta, Jr., Old San Juan, PR, for Defendant.

## OPINION AND ORDER [1]

BESOSA, District Judge.

Before the Court is defendant LifeLink Foundation, Inc. ("LifeLink")'s motion in opposition to plaintiffs' motion to alter and amend the judgment, and defendant's motion for attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2) and Rule 44.1(d) of the Puerto Rico Rules of Civil Procedure. (Docket No. 45.) Plaintiffs Juanita Rivera ("Rivera") and Dr. Cruice Morales ("Morales") responded. (Docket No. 51.) For the reasons that follow, defendant's motion in opposition is **MOOT**, and defendant's motion for attorney's fees is **GRANTED** in the amount of **$1,000**.

## I. BACKGROUND

On November 4, 2015, *pro se* plaintiffs Morales and Rivera filed a complaint against LifeLink, requesting relief for the infliction of "emotional suffering" due to the mishandling of a deceased relative's body. (Docket No. 1.) Defendant filed a motion to dismiss, (Docket No. 4), plaintiffs opposed, (Docket No. 10), defendant replied, (Docket No. 15), and plaintiffs responded, (Docket No. 17). Later, the Court appointed counsel for plaintiffs. (Docket Nos. 18, 20, and 25.) Appointed council withdrew from the case, (Docket No. 27), and plaintiffs continued to file *pro se* motions.

The Court granted defendants' motion to dismiss on the grounds that plaintiffs' claim was time-barred. (Docket No. 38.) Then, plaintiffs filed a motion to alter and

amend the judgment pursuant to Fed. R. Civ. P. 59(e) in light of newly discovered evidence. (Docket No. 41 at p. 1.) The Court found that motion moot. (Docket No. 52.) Defendant opposed the motion to alter judgment and filed for attorney's fees. (Docket No. 45.)

## II. DISCUSSION

### A. Opposition to Motion to Alter and Amend the Judgment

As a preliminary matter, the Court must rule on defendant's opposition to plaintiffs' motion to alter and amend the judgment pursuant to Fed. R. Civ. P. 59(e).

■ It is well held that an issue is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

The Court previously dismissed plaintiffs' motion to alter and amend the judgment. (Docket No. 51.) Therefore, the defendant's motion in opposition is also **MOOT**. See Powell, 395 U.S. at 496, 89 S.Ct. 1944. Therefore, only defendant's motion for attorney's fees remains before of the Court.

### B. Attorney's Fees

Defendant claims it is entitled to recover attorney's fees on two grounds: (1) plaintiff has acted obstinately, and (2) plaintiff has acted vexatiously. (Docket No. 45.) The Court shall evaluate the correct language and the underlying statutory basis for each because defendant appears to confuse the two terms and at times uses them interchangeably.

---

1. Ian Joyce, a second-year student at Vanderbilt University Law School, assisted in the preparation of this Opinion and Order.

### 1. Vexatious Conduct

 LifeLink claims that plaintiffs engaged in vexatious conduct throughout the litigation. (Docket No. 45.) A court has inherent power to award attorney's fees if a losing party has offended the court by "acting in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (quoting Alyeska Pipeline Service Co. v. Wilderness Soc'y, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)). This power is limited, however, because where, as here, a federal court sits in diversity and the forum state has a "fee-shifting" rule that includes a substantive policy, the state law governs the award of attorneys' fees over the court's inherent power. Chambers, 501 U.S. at 52, 111 S.Ct. 2123.

Defendant argues that it is entitled to fees based on plaintiffs' vexatious conduct, citing Local 285 v. Nonotuck.[2] (Docket No. 45.) The party requesting fees in that case did so pursuant to the court's inherent power. Local 285, Serv. Emp. Int'l Union, AFL–CIO v. Nonotuck Res. Assocs., Inc., 64 F.3d 735, 737 (1st Cir. 1995). Unlike this case, however, where the court sits in diversity and the underlying complaint and decision was premised on Puerto Rican law, the court's jurisdiction in Local 285 was premised on federal question. The distinction is vital, because in this case the Court must apply Rule 44.1(d) instead of using its inherent power, a restriction that did not face the Local 285 court. See Chambers, 501 U.S. at 52, 111 S.Ct. 2123.

Similarly but distinctly, 28 U.S.C. § 1927 ("section 1927") allows for a court to sanction any "attorney or other person admitted to conduct cases in any court of the United States or any Territory who so multiplies the proceedings in any case unreasonably and vexatiously by requiring that specific actor to pay reasonable attorneys' fees." 28 U.S.C § 1927; see Top Entm't v. Torrejon, 351 F.3d 531, 534 (1st Cir. 2003).

Because the Court's inherent power does not apply in this case, defendant's argument that it may recover attorney's fees based on plaintiffs' vexatious conduct should have been brought pursuant to section 1927. See Burckhart Search Grp., Inc. v. Doral Fin. Corp., No. 11-1565, 2013 WL 210266, at *2 (D.P.R. 2013) (Fuste, J.); United Structures of Am., Inc. v. G.R.G. Eng'g S.E., 9 F.3d 996 (1st Cir. 1993) (evaluating a claim for attorney's fees first based on "obstinate" conduct pursuant to Rule 44.1(d), then evaluating the same claim for "vexatious" conduct under 28 U.S.C 1927).

 Even ignoring this misstep, however, it is black letter law "that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." U.S. v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Other than defining vexatious—by using a case that is not on point—and describing plaintiffs' actions as vexatious in a conclusory manner, defendant does not develop any legal or factual argument as to why plaintiffs have acted vexatiously as defined by law. Thus, defendant's argument for

---

**2.** Defendant erroneously claimed that Rule 44.1(d) creates a cause of action for vexatious conduct by citing to its own translation of the Puerto Rican Supreme Court case Fernandez Marino v. San Juan Cement Co. Inc. (Docket No. 45 at p. 4.) Despite defendant's argument, Fernandez Marino does not support the notion that Rule 44.1(b) allows for recovery against a party who has been "vexatious." Furthermore, the word "vexatious" does not appear in Fernandez Marino's official translation nor is the word "vexatious" in the plain language of Rule 44.1(d). See P.R. Laws Ann. Tit. 32, App. III, Rule 44.1(d); Fernandez Marino, 18 P.R. Offic. Trans. 823, 118 D.P.R. 713 (1987).

attorney's fees based on plaintiffs' vexatious conduct is waived. See Zannino, 895 F.2d at 17.

### 2. Obstinate Behavior

■ LifeLink claims that plaintiffs engaged in obstinate behavior and therefore is entitled to attorney's fees. (Docket No. 45.) Under the federal "American Rule," absent statutory authorization, parties typically bear their own attorney's fees. In Puerto Rico, however, statutory authority exists in Rule 44.1(d), which requires a court to award a prevailing party attorney's fees when the defeated party has "acted obstinately or frivolously." P.R. Laws Ann. Tit. 32, App. III, Rule 44.1(d); see IOM Corp. v. Brown Forman Corp., 627 F.3d 440, 451 (1st Cir. 2010); MB Auto Care Mgmt., Inc. v. Plaza Carolina Mall, L.P., 695 F.Supp.2d 1, 2 (D.P.R. 2010) (Casellas, J.).

Here, the Court's jurisdiction is premised on diversity of parties, and the underlying decision was made pursuant to article 1802's one year statute of limitations. (Docket No. 38.) Therefore, defendant's claim for attorney's fees is governed by Rule 44.1(d) and the awarding of attorney's fees is determined pursuant to plaintiffs' level of obstinacy. See IOM Corp., 627 F.3d at 451; Rishell v. Medical Card Sys., Inc., 982 F.Supp.2d 142, 153 (D.P.R. 2013) (Besosa, J.).

■ Rule 44.1(d) provides that "in the event any party or its lawyer has acted obstinately or frivolously, the court shall, in its judgment, impose on such person the payment of a sum for attorney's fees which the court decides corresponds to such conduct." P.R. Laws Ann. Tit. 32, App. III, Rule 44.1(d). The rule, therefore, requires a district court "to hold a losing party who has been obstinate during the course of a lawsuit liable for its adversary's attorney's fees." Rishell, 982 F.Supp.2d at 153 (cita-

tions omitted). A party has been obstinate when it engages in actions that make avoidable litigation necessary, unnecessarily prolongs litigation, or requires the other party to incur expenses in the pursuit of avoidable tasks. See Surface Am., Inc. v. United Sur. & Indem. Co., 867 F.Supp.2d 282, 289 (D.P.R. 2012) (Besosa, J.); Fernandez Marino v. San Juan Cement Co., Inc., 18 P.R. Offic. Trans. 823, 830, 118 D.P.R. 713 (D.P.R. 1987). A court should consider the "overall circumstances of the particular case" when determining if a party has been obstinate. Correa v. Cruisers, a Div. of KCS Int'l., Inc., 298 F.3d 13, 30 (1st Cir. 2002).

Defendant argues that plaintiff has been obstinate throughout litigation, specifically noting: (1) plaintiffs requested more time and an interrogatory even after it was clear they had not tolled the statute of limitations; (2) in the interrogatory, defendant supplied plaintiffs with adequate information proving that no procedures were violated in the handling of the deceased relative's body; and (3) despite this, after the Court granted defendant's motion to dismiss, plaintiffs still filed their motion to alter and amend the judgment. (Docket No. 45 at pp. 5–9.)

Contrary to defendant's argument, however, the Court does not believe that plaintiffs have been obstinate from the beginning of this litigation. *Pro se* complaints are liberally construed and plaintiffs' complaint—that defendants improperly disposed of their loved one's body—was theoretically actionable. See Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Furthermore, plaintiffs' argument for equitable tolling was grounded in law and the Court did not find the argument frivolous on dismissal. (Docket No. 38); see Reyes v. Banco Santander de P.R., N.A., 583 F.Supp. 1444, 1446 (D.P.R. 1994) (Laffitte, J.).

Defendant further argues that plaintiffs' July 1 motion requesting more time, and plaintiffs request for an interrogatory were obstinate. (Docket No. 45 at p. 6.) In considering the entirety of the case, the Court notes that both those motions were filed by plaintiffs' court appointed counsel shortly after she was assigned. (Docket Nos. 29 and 31.) Against this backdrop, a request for more time and an interrogatory is standard procedure, and not unreasonable. See Dopp v. Pritzker, 38 F.3d 1239, 1255 (1st Cir. 1994).

The Court agrees with defendant, however, and finds plaintiffs' decision to file a motion to amend the judgment obstinate. See Rishell, 982 F.Supp.2d at 153 ("Once their previous complaint was dismissed with prejudice, plaintiffs filed an amended complaint in this case that largely repackaged the same claims, without resolving many of the defects in their previous pleadings, of which plaintiffs had ample notice"); Corpak, Art Printing v. Ramallo Brothers, 1990 P.R.-Eng. 710162, 125 D.P.R. 724 (1990) (finding an appeal obstinate when a party had a low probability of success to begin with and lost at summary judgment).

It has been obvious for some time that plaintiffs' complaint was most likely time-barred. Defendant's first motion filed in December 2015 explicitly and exclusively argued that plaintiffs failed to comply with the statute of limitations. (Docket No. 4.) Defendant's sur-reply to plaintiffs' motion in opposition to dismiss argues explicitly and exclusively that plaintiffs failed to meet the statute of limitations. (Docket No. 24.)

The above merits a finding of obstinacy by itself, but the Court also notes that in their motion to alter judgment plaintiffs continued to pursue allegations that their own interrogatory suggested were meritless—for example, that defendant had not followed the correct procedures in evaluating Mr. Morales' body. This behavior is a classic example of obstinacy. See Fernandez Marino, 18 P.R. Offic. Trans. at 831, 118 D.P.R. 713.

In conclusion, plaintiffs have known for quite some time that their complaint was likely time barred. While it was not obstinate to continue litigation earlier, when some legal defenses remained open, once plaintiffs' complaint was dismissed with prejudice based exclusively on the statute of limitations, plaintiffs should have realized their claim had effectively failed. See Dopp, 38 F.3d at 1253. Despite this, plaintiffs obstinately filed a post-judgment motion that restated old arguments and had no legitimate legal merit. Plaintiffs' motion even included allegations that their own interrogatory had already proven were false.

Plaintiffs' actions have (1) required defendant to file three additional motions, (2) unnecessarily prolonged this case, (3) required defendant to incur expenses it should not have incurred, and (4) wasted the time of both defendant and the Court. This is the very definition of "obstinacy" as defined by the Puerto Rico Supreme Court, and "[t]o decide that this type of behavior is not obstinate would certainly encourage needless litigations." Fernandez Marino, 18 P.R. Offic. Trans. at 833, 118 D.P.R. 713.

The Court, therefore, finds that plaintiffs engaged in obstinate behavior and **GRANTS** defendant attorney's fees.

### 3. Amount Awarded

■ Defendants request $11,623.50, which represents their entire legal costs for the litigation, excluding fees related to defending plaintiffs' motion to alter judgment. (Docket No. 41.) Plaintiffs did not

object to the amount defendant requested. (Docket No. 51.)

 Defendant alleges that plaintiffs' obstinacy was considerable and prevalent from the beginning of litigation. (Docket No. 45 p. 10.) As such, defendant requests their entire expenses, $11,263.50. Id. While there is no specific method to calculate fee awards under Rule 44.1(d), the degree of obstinacy is the determining factor to be considered. See IOM Corp., 627 F.3d at 452; Fernandez Marino, 18 P.R. Offic. Trans. at 830, 118 D.P.R. 713. A court may also consider the nature of the action, the questions of law involved, the amount at issue, the time spent, the efforts and professional activity needed for the case, and the duration of litigation. See IOM Corp., 627 F.3d at 452; Corpak, Art Printing, 1990 P.R.-Eng. 710162, 125 D.P.R. 724. Ultimately, the Court has "considerable discretion in determining the amount of attorney's fees to be bestowed." Dopp, 38 F.3d at 1252; Correa, 298 F.3d at 30.

Plaintiffs' degree of obstinacy in filing the motion to alter the judgment, the most important element in the amount of fees awarded, was relatively mild. Indeed, filing a single obstinate motion to alter judgment is low on the spectrum of obstinate actions. Compare Correa, 1252 F.Supp.2d at 583 (defendant denied all liability, made bad faith settlement offers, and denied a fact known to proven at trial, in a post-judgment motion); and De Leon Lopez v. Corp. Insular de Seguros, 931 F.2d 116 (1st Cir. 1991) (defendant did not file any motion on time, refused to participate in discovery until threatened with sanctions, did not respond to a court order regarding settlement negotiations, and countered a good faith settlement offer of $100,000 with a $20,000 counter offer).

As for the additional factors, this issue did not require significant time to defend, and did not involve complicated issues of law. Indeed, defendants filed their motion in opposition to alter and amend judgment and for attorney's fees merely five days after plaintiffs filed their motion to amend the judgment. (Docket Nos. 41 and 45.) Defendant did not reveal its costs related to defending the motion to alter and amend the judgment.

In total, plaintiffs' obstinacy required defendant to file: one motion in opposition to alter and amend the judgment; one motion for attorney's fees; and one motion to restrict documents related to attorney's fees. (Docket Nos. 45, 46, and 47.) Thus, plaintiffs' obstinate behavior required defendants to engage in a week of additional labor and draft three additional documents. See Entact Servs. LLC. v. Rimco, Inc., 526 F.Supp.2d 213 at 226 (D.P.R. 2007).

Given this, the Court finds defendant's request for $11,623.50 excessive. See Renaissance Mktg., Inc. v. Monitronics Int'l., 673 F.Supp.2d 79, 85 (D.P.R. 2009). Instead, after appropriately weighing the factors described above, the Court finds $1,000 to be an appropriate sum of attorney's fees in this case. See Rishell, 982 F.Supp.2d at 153 (awarding $5,000 in attorney's fees after the obstinate party filed an "amended" complaint that largely repackaged the same arguments that had already been deemed insufficient); Corpak, Art Printing, 1990 P.R. Eng. 710162, 125 D.P.R. 724 (awarding $5,000 to a party which expended $42,909.50 based on the losing parties level of obstinacy).

### III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** defendant's motion for attorney's fees in the amount of **$1,000.**

**IT IS SO ORDERED.**