Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL IX**

| | | |
|---|---|---|
| Eric M. Levins<br><br>  Recurrido<br><br>  vs.<br><br>Cristina M. Méndez García<br><br>  Peticionaria | KLCE202300450 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Civil Núm.:<br>D DI2015-1408 (4003)<br><br>Sobre:  Divorcio (RI) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda del Toro y la Jueza Díaz Rivera.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de mayo de 2024.

Comparece ante nos, la señora Cristina María Méndez García (Sra. Méndez García o peticionaria), quien presenta recurso de *Certiorari* en el que solicita la revocación de dos órdenes emitidas el 23 y el 30 de marzo de 2023,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón.  Mediante dichos dictámenes, el foro primario archivó la solicitud de revisión de pensión alimentaria presentada por la parte peticionaria, y le impuso el pago de honorarios de abogado por razón de temeridad.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, expedimos el auto de *Certiorari* y revocamos la "Orden" emitida el 23 de marzo de 2023. En cuanto a la "Orden" emitida el 30 de marzo de 2023, confirmamos mediante los fundamentos que expondremos a continuación.

---

[1] Notificadas el 24 de marzo de 2023 y el 31 de marzo de 2023, respectivamente.

Número Identificador

SEN2023 _____

**I.**

El 11 de abril de 2022, la Sra. Méndez García presentó una "Solicitud de Revisión de Pensión Alimentaria", y alegó la existencia de circunstancias que ameritaban la revisión de la pensión alimentaria fijada contra el señor Eric M. Levins (Sr. Levins o recurrido). Por esta razón, el 21 de abril de 2022,[2] se refirió el caso ante el examinador de pensiones alimentarias, quien señaló vista de revisión para el 6 de junio de 2022.[3] Dicha vista fue reseñalada en dos ocasiones,[4] y finalmente celebrada el 4 de noviembre de 2022. Durante el transcurso de ésta, surgió una controversia en torno a si el Sr. Levins debía presentar una Planilla de Información Personal y Económica (PIPE) actualizada. Lo anterior, debido a que la solicitud de modificación de pensión alimentaria se basa en una disminución en las relaciones paternofiliales y en una merma de ingresos de la madre custodia. El Sr. Levins argumentó que, como es la peticionaria quien alega un cambio de ingresos, es ella quien tiene que presentar la PIPE actualizada, y no él.[5] Escuchadas las partes, el examinador de pensiones alimentarias instruyó a las partes a presentar ante la Jueza de Sala sus argumentos y cualquier otra controversia sobre el descubrimiento de prueba, con el fin de que el asunto quedase resuelto para el próximo señalamiento.[6] La vista de alimentos quedó pautada para el 17 de enero de 2023.[7]

En el ínterin, el 20 de diciembre de 2022, el Sr. Levins presentó un escrito titulado "Objeciones a las Contestaciones a Interrogatorio notificado el 25 de abril de 2022" y, en esencia, informó que, el 27 de julio de 2022, la Sra. Méndez García notificó

---

[2] Notificada el 25 de abril de 2022.
[3] Véase, "Orden" emitida el 4 de mayo de 2022; apéndice a la pág. 21.
[4] El primer reseñalamiento fue solicitado por el recurrido. Véase, apéndice a las págs. 30 y 31. El segundo, a causa de la renuncia de la representación legal de la parte peticionaria. Véase, exhibit 1 del alegato en oposición.
[5] Véase, "Acta" del 7 de noviembre de 2022; apéndice a la pág. 36.
[6] *Íd.*
[7] Véase, "Orden" emitida el 28 de noviembre de 2022; apéndice a la pág. 39.

sus contestaciones a un interrogatorio que se le había hecho. Empero, arguyó que, al día siguiente, entiéndase, el 28 de julio de 2022, se le informó a la peticionaria sobre varias objeciones a sus contestaciones. Adujo que, a pesar de lo anterior, a la fecha de la presentación de su escrito aún no se le habían remitido las contestaciones suplementarias. Según le fuere solicitado por el Tribunal,[8] el 10 de enero de 2023, el recurrido presentó un "Escrito en Cumplimiento de Orden" dirigido a evidenciar los esfuerzos razonables realizados para resolver el asunto extrajudicialmente.[9]

Así las cosas, el 17 de enero de 2023, se celebró la vista de alimentos. En lo pertinente, se discutió lo siguiente: (1) que las circunstancias de los menores habían cambiado porque ahora estaban estudiando en los Estados Unidos, y (2) que la Sra. Méndez García cambió de trabajo y ahora devenga un ingreso distinto al informado en su última PIPE.[10] A base de lo anterior, el examinador de pensiones alimentarias emitió el siguiente plan de trabajo:

[…]

*2. De las partes no lograr acuerdo, la promovida someterá en 10 días una planilla de información personal y económica enmendada que refleje los gastos actuales de los menores, sus ingresos y la evidencia que los sustente.*

*3. En el mismo término concedido para presentar su PIPE, la promovida, de considerarlo necesario, podrá solicitarle al tribunal que ordene al promovente a llenar una nueva planilla de información personal y económica ante su negativa de hacerlo porque sostiene que no hay alegación de que sus ingresos hayan cambiado, tal como ocurre con la madre custodia.*

*4. La vista de alimentos queda pautada para el 16 de marzo de 2023, a las 2:00p.m., por videoconferencia.*

[…] (Énfasis suprimido).[11]

---

[8] Véase, "Orden" emitida el 9 de enero de 2023; exhibit 3 del alegato en oposición.
[9] Véase, exhibit 4 del alegato en oposición.
[10] Véase, "Acta" del 19 de enero de 2023; apéndice a la págs. 46 y 47.
[11] *Íd.*

Posteriormente, el 20 de enero de 2023, el Sr. Levins presentó una "Escrito en Reacción a Orden de 23 de enero de 2023", y reiteró que la Sra. Méndez García estaba incumpliendo con el descubrimiento de prueba efectuado por el recurrido, toda vez que no había atendido las objeciones hechas a las contestaciones del interrogatorio. Así, solicitó se le ordenase a la peticionaria emitir las contestaciones suplementarias.

El 1 de febrero de 2023,[12] el foro recurrido emitió una "Orden", y le requirió a la Sra. Méndez García que, dentro del término de 15 días, se expresara sobre las contestaciones objetadas. Le apercibió que, de incumplir con lo anterior, se impondrían sanciones, la eliminación de defensas y honorarios de abogado.

El 16 de febrero de 2023, la peticionaria presentó una "Moción en Solicitud de Orden" en la cual precisó la necesidad de que se le ordenase al Sr. Levins presentar su PIPE actualizada. Afirmó que, por existir cambios sustanciales en las circunstancias iniciales, resultaba necesario considerar los ingresos de ambas partes para así poder establecer una cantidad adecuada de pensión alimentaria. En igual fecha, presentó además una "Solicitud de Término Adicional para Someter PIPE", en la cual solicitó un término adicional de 20 días para radicar la PIPE actualizada.[13]

Al próximo día, el 17 de febrero de 2023, el recurrido presentó una "Oposición a Moción en Solicitud de Orden", y aseveró que la solicitud de la Sra. Méndez García era improcedente porque ésta era la única que alegaba haber sufrido cambios en sus circunstancias económicas.

---

[12] Notificada el 8 de febrero de 2023.
[13] Véase, exhibit 6 del alegato en oposición.

Evaluadas las posturas de ambas partes, el 21 de febrero de 2023, el Tribunal de Primera Instancia emitió una "Orden", y le requirió al Sr. Levins presentar su PIPE dentro del término de 10 días. A su vez, concedió a la Sra. Méndez García una prórroga de 10 días para que presentara su PIPE actualizada.

Vencido el término de 15 días concedido por el Tribunal para que la peticionaria contestase las objeciones al interrogatorio, el 24 de febrero de 2023, el Sr. Levins presentó una "Solicitud de Imposición de Sanciones, de Orden Eliminando las Defensas de la Demandada y de Imposición de Honorarios de Abogado, Según Apercibimiento". En síntesis, esgrimió que, como la Sra. Méndez García no cumplió con lo ordenado (contestar las objeciones), y tampoco excusó su incumplimiento, procedía la imposición de sanciones en su contra.

En cumplimiento la "Orden" del Tribunal, el 6 de marzo de 2023, el Sr. Levins presentó su PIPE.[14] No obstante, la Sra. Méndez García no presentó la suya. Por este motivo, el 7 de marzo de 2023, el recurrido presentó "Escrito Informando Incumplimiento y en Solicitud de Severas Sanciones", y expresó que, a pesar del término inicial y la prórroga concedida, la peticionaria incumplió con presentar su PIPE actualizada dentro de los plazos concedidos. Solicitó se le impusieran sanciones a la Sra. Méndez García.

El 15 de marzo de 2023,[15] el Tribunal de Primera Instancia emitió una "Orden" imponiéndole a la Sra. Méndez García una sanción por $500.00 dólares a favor de la Rama Judicial, por no haber presentado las PIPE dentro del término concedido. Le concedió hasta el 16 de marzo de 2023 para presentar las PIPE, y le advirtió que, de no hacerlo, se le eliminarían sus alegaciones. Resulta pertinente señalar que, esta "Orden" no se le notificó a la

---

[14] Véase, apéndice a la págs. 63-71.
[15] Notificada en igual fecha.

parte directamente, sino a su representante legal. Para esta fecha, la representante legal de la peticionaria ya había finalizado su relación abogado-cliente.[16]

La vista de revisión de pensión alimentaria se celebró el 16 de marzo de 2023. La Sra. Méndez García compareció, pero no presentó las PIPE. Por esta razón, el examinador de pensiones alimentarias determinó que estaba impedido de atender los méritos de la reclamación, y devolvió el caso sin recomendación de alterar la pensión alimentaria.

Un día después, el 17 de marzo de 2023, el Sr. Levins presentó una "Solicitud de Fallo", y reiteró que la Sra. Méndez García había incumplido con responder las objeciones hechas a las contestaciones del interrogatorio. Apuntó que, a pesar de que el Tribunal le concedió 15 días a la peticionaria para expresarse,[17] esta incumplió con lo ordenado. Por ende, solicitó se le impusieran sanciones.

El 23 de marzo de 2023,[18] el foro primario emitió una "Orden" y dispuso que, ante el incumplimiento de la peticionaria, procedía el archivo de la solicitud de revisión de pensión alimentaria instada por la Sra. Méndez García.

Consecuentemente, el 24 de marzo de 2023, Sr. Levins presentó una "Solicitud de Honorarios de Abogado", y esbozó que, como la revisión de pensión alimentaria fue archivada por la desidia y dejadez de la peticionaria, ésta fue temeraria en el curso de la acción.

Atendida la solicitud de honorarios, el 30 de marzo de 2023,[19] el foro *a quo* emitió una "Orden" en la que determinó que la Sra. Méndez García fue temeraria en el trámite de la revisión de

---

[16] Véase, "Urgentísima Moción relevo de Representación Legal" presentada el 14 de marzo de 2023.

[17] Véase, "Orden" del 1 de febrero de 2023, notificada el 8 de febrero de 2023.

[18] Notificada el 24 de marzo de 2023.

[19] Notificada el 31 de marzo de 2023.

pensión alimentaria, por lo que le impuso honorarios de abogado a razón de $1,500.00.

Inconforme con ambas determinaciones, el 10 de abril de 2023, la Sra. Méndez García presentó una "Moción de Reconsideración a Orden Archivo de Solicitud de Revisión de Pensión Alimentaria" y, en esencia, argumentó lo siguiente: (1) que el Sr. Levins presentó su PIPE sin juramentar, y (2) que el archivo de la solicitud de pensión alimentaria es improcedente en derecho, toda vez que la "Orden" emitida el 15 de marzo de 2023 no se le notificó directamente a la peticionaria, y tampoco se le proveyó término razonable para corregir la situación.

El 11 de abril de 2023, el Sr. Levins presentó su "Oposición a Moción de Reconsideración a Orden de Archivo de Solicitud de Revisión de Pensión Alimentaria", y destacó que la solicitud de reconsideración presentada por la peticionaria debía declararse sin lugar, ya que se presentó fuera de los 15 días que dispone la ley,[20] y tampoco se justificó la demora.

Evaluadas ambas mociones, el 12 de abril de 2023,[21] el Tribunal de Primera Instancia emitió una "Resolución" mediante la cual declaró Sin Lugar la "Moción de Reconsideración a Orden Archivo de Solicitud de Revisión de Pensión Alimentaria" presentada por la peticionaria, por haberse radicado fuera de término.

Insatisfecha, el 13 de abril de 2023, la Sra. Méndez García presentó una "Urgente Moción Aclaratoria y Solicitud de Remedio" en la cual enfatizó que, por caer el último día del término un sábado, el término de 15 días se corre al próximo día laborable.[22] Por consiguiente, expresó que compareció dentro del término dispuesto en ley.

---

[20] Véase, Regla 47.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 47.1.
[21] Notificada el 13 de abril de 2023.
[22] Véase, Regla 68.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 68.1.

Atendida la "Urgente Moción Aclaratoria y Solicitud de Remedio", el 19 de abril de 2023,[23] el foro primario declaró Sin Lugar la "Moción de Reconsideración a Orden Archivo de Solicitud de Revisión de Pensión Alimentaria".

En desacuerdo, el 24 de abril de 2023, la Sra. Méndez García recurrió mediante auto de *Certiorari* ante este Tribunal de Apelaciones y, en lo pertinente, señaló el siguiente error:

*Tercer señalamiento de error*

*Abusó de su discreción el TPI al hacer una determinación de temeridad improcedente y contraria a los principios rectores que gobiernan los asuntos de alimentos de menores en nuestro ordenamiento jurídico.*

Consideradas las posturas de ambas partes, el 12 de mayo de 2023,[24] emitimos "Sentencia" y revocamos la "Orden" emitida el 23 de marzo de 2023. Lo anterior, porque el tribunal ordenó la eliminación de las alegaciones sin antes haberle notificado a la peticionaria sobre la situación y sus consecuencias, según lo exige la Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2.

De igual forma, y con mayor relevancia al asunto que atendemos, concluimos que carecíamos de jurisdicción para atender el tercer señalamiento de error, donde se cuestionó la determinación de temeridad hecha por el foro recurrido en la "Orden" emitida el 30 de marzo de 2023. Determinamos que el asunto se trajo ante nuestra atención de forma tardía, toda vez que el término dispuesto para recurrir ante este Foro ya había transcurrido. Esto, por entender que el referido término no fue interrumpido por la oportuna petición de reconsideración, ya que el asunto de temeridad ni la "Orden" del 30 de marzo de 2023 fueron objeto de discusión en dicha solicitud.

---

[23] Notificada el 20 de abril de 2023.
[24] Notificada el 15 de mayo de 2023.

En descontento, el 30 de mayo de 2023, la peticionaria presentó una "Reconsideración", la cual fue declarada No Ha Lugar el 2 de junio de 2023.[25]

Por esta razón, **el 5 de julio de 2023, la Sra. Méndez García recurrió ante el Tribunal Supremo**.  En resumidas cuentas, expuso que el recurso de *Certiorari* se presentó ante esta segunda instancia judicial dentro de los 30 días de notificada la "Orden" impugnada.  Evaluada la controversia, el 16 de abril de 2024,[26] nuestro Alto Foro revocó, parcialmente, nuestra "Sentencia", tras determinar que la revisión de la "Orden" emitida el 30 de marzo de 2023 fue solicitada oportunamente y, en consecuencia, teníamos jurisdicción para atender el tercer error.

**Recibido el mandato,[27] procedemos a resolver.  No sin antes aclarar que, en el recurso de *Certiorari* que la Sra. Méndez García presentó ante el Tribunal Supremo, la peticionaria solo hizo un señalamiento de error, el cual citamos:**

> *Erró el Tribunal de Apelaciones al determinar que el término para recurrir de la Orden del 31 de marzo de 2023 no fue interrumpido por la solicitud de Certiorari de la peticionaria del 24 de abril de 2023[,] y concluir que su presentación resultó tardía. En su consecuencia, erró el TA al declinar ejercer jurisdicción en un acto contrario a las leyes, reglas y reglamentos que le otorgan el poder, jurisdicción y competencia para revisar las determinaciones del TPI en los casos de relaciones de familia.*

**Por ende, nuestros pronunciamientos en cuanto a los demás señalamientos de error en nuestra "Sentencia" del 12 de mayo de 2023, advinieron finales y firmes. Tal y como se nos ordenó, limitaremos nuestra discusión a lo pertinente en cuanto al tercer señalamiento de error, o sea, lo relativo a la imposición de honorarios por temeridad.**

---

[25] Notificada ese mismo día.
[26] Notificada en igual fecha.
[27] El mandato se recibió el 6 de mayo de 2024.

**II.**

La Regla 44.1 (d) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1 (d), rige lo concerniente a la imposición de honorarios de abogado. Pertinente al caso que nos ocupa dispone lo siguiente:

*(d) Honorarios de abogado – En caso de que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. En caso de que el Estado Libre Asociado de Puerto Rico, sus municipios, agencias o instrumentalidades haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia una suma por concepto de honorarios de abogado, excepto en los casos en que esté expresamente exento por ley del pago de honorarios de abogado.*

El propósito de la imposición de honorarios por temeridad es "establecer una penalidad a un litigante perdidoso que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito". *Andamios de P.R. v. Newport Bonding*, 179 DPR 503, 520 (2010), citando *Fernández v. San Juan Cement Co., Inc.*, 118 DPR 713, 718 (1987).

Se entiende que un abogado, abogada o una de las partes actúa temerariamente cuando obliga a otra u otras partes a incurrir en gastos innecesarios al presentar reclamaciones frívolas, dilatar los procesos ya instados, o crear gestiones evitables. *Marrero Rosado v. Marrero Rosado,* 178 DPR 476, 504 (2010); *Jarra Corp. v. Axxis Corp.*, 155 DPR 764, 779 (2001). Es una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y la administración de la justicia. Aunque la imposición de honorarios de abogado es discrecional, "[d]eterminada la existencia de temeridad, la condena de

honorarios es imperativa". *Blás v. Hosp. Guadalupe*, 146 DPR 267, 334 (1998).

Ahora bien, no procede la imposición del pago de honorarios de abogado en las siguientes circunstancias, a saber: (1) cuando lo que se enuncia ante el tribunal son controversias complejas y novedosas que no han sido resueltas; (2) cuando se actúa acorde con una apreciación errónea del derecho y no hay precedentes establecidos sobre el asunto, o (3) cuando existe alguna discrepancia genuina en cuanto a quién favorece el derecho aplicable. *Santiago v. Sup. Grande*, 166 DPR 796, 821 (2006). En estas situaciones, la temeridad es inexistente. *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 277 (2021). Sin embargo, **si no está presente alguna de estas circunstancias**, "[l]**a determinación de temeridad o frivolidad está sujeta a la sana discreción del Tribunal de Primera Instancia**". *Torres Vélez v. Soto Hernández*, 189 DPR 972, 993-994 (2013). (Énfasis nuestro). Por ende, si la determinación que toma el Tribunal de Primera Instancia es una revestida de discreción y, a su vez, resulta razonable, nos abstendremos de intervenir con esta. *BPPR v. SLG Gómez-López*, 2023 TSPR 145.

No obstante, la discreción no opera en el vacío, y tampoco implica que los tribunales puedan actuar sin limitación alguna. *Íd.* Por consiguiente, y a modo de excepción, este foro apelativo intervendrá con el ejercicio de la discreción que posee el Tribunal de Primera Instancia, únicamente cuando se demuestre que este último: (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción o (3) se equivocó en interpretar o aplicar cualquier norma procesal o de derecho sustantivo. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**III.**

Como ya explicamos, el 30 de marzo de 2023,[28] el Tribunal de Primera Instancia emitió una "Orden" en la cual hizo la determinación que se transcribe a continuación:

> *Examinado el expediente determinamos que la [Sra. Méndez García] actuó con temeridad **en el trámite de la revisión de pensión alimentaria** presentada en el presente caso. A tenor con la Regla 44.1 (d), de las de Procedimiento Civil de Puerto Rico, se imponen honorarios de abogado a razón de $1,500.00 a ser pagados por la [peticionaria] al [recurrido] en un término de 30 días.*

(Énfasis provisto).

En su tercer señalamiento de error, la Sra. Méndez García solicita la revocación de esta "Orden", y argumenta que la imposición de honorarios es improcedente, debido que la peticionaria no "hizo alegaciones temerarias cuando del expediente se desprende que son alegaciones *bonafide*".[29] A su vez, argumenta lo siguiente:

> *[L]a determinación de imposición de honorarios por temeridad hecha por el TPI a la Peticionaria es una consecuencia de la orden de dicho foro en la que elimin[ó] las alegaciones de la aquí compareciente. El TA revocó la determinación del TPI de eliminar las alegaciones de la Peticionaria[,] por lo que la imposición de honorarios por temeridad a la aquí compareciente es nula toda vez que carece de base o fundamento para su imposición. Es decir, la imposición de honorarios por alegada temeridad a la Peticionaria es la consecuencia de la determinación del TPI de eliminar las alegaciones de la solicitud de alimentos. Al haberse revocado, revierte el procedimiento a su estado anterior por lo que no cabe hablar de honorarios de abogado por temeridad.[30]*

Luego de un análisis ponderado de la prueba, determinamos que la peticionaria no tiene razón. Por el contrario, resolvemos que **la determinación del Tribunal de Primera Instancia es una razonable y emitida dentro de su sana discreción**.

---

[28] Notificada el 31 de marzo de 2023.
[29] Véase, recurso pág. 28.
[30] Véase, recurso de *Certiorari* presentado ante el Tribunal Supremo, a la pág. 4. Dicho escrito forma parte del expediente apelativo ante nos.

Contrario a lo que alega la Sra. Méndez García, **la determinación de temeridad no se impuso como consecuencia de la "Orden" emitida el 23 de marzo de 2023**. Más bien, y según explicó el foro primario, la imposición de honorarios surge porque "la [Sra. Méndez García] actuó con temeridad **en el trámite de la revisión de pensión alimentaria**". Véase, "Orden" del 30 de marzo de 2023. (Énfasis suplido). Por tanto, pasamos a evaluar el trámite de este caso, con el propósito de determinar si la imposición de honorarios por temeridad está justificada.

Desde los inicios del pleito, el Sr. Levins argumentó que, como es la peticionaria quien alega un cambio de ingresos, le correspondía a ella presentar una PIPE actualizada. Debido a esto, el examinador de pensiones alimentarias emitió un plan de trabajo donde dispuso que:

> *2. De las partes no lograr acuerdo, la promovida someterá en 10 días una planilla de información personal y económica enmendada que refleje los gastos actuales de los menores, sus ingresos y la evidencia que los sustente.*

Posteriormente, el 16 de febrero de 2023, la Sra. Méndez García solicitó un término adicional de 20 días para radicar la PIPE actualizada. Mediante "Orden" emitida el 21 de febrero de 2023, el Tribunal de Primera Instancia concedió a la peticionaria una prórroga de 10 días para que presentara su PIPE actualizada. No obstante, **a pesar del término inicial y la prórroga concedida**, **la Sra. Méndez García incumplió con presentar su PIPE actualizada dentro de los plazos concedidos**. Por este motivo, el 7 de marzo de 2023, el recurrido solicitó se le impusieran sanciones. Por no haber presentado las PIPE dentro del término concedido, el 15 de marzo de 2023,[31] el Tribunal de Primera Instancia emitió una "Orden" e impuso a la Sra. Méndez García una sanción de $500.00 dólares. Al día siguiente se celebró

---

[31] Notificada en igual fecha.

vista de revisión de pensión alimentaria y, aunque la Sra. Méndez García compareció, esta no presentó las PIPE. Aun cuando se le instruyó que debía presentar las PIPE ese día, no consideraremos este hecho, toda vez que, según resolvimos en nuestra "Sentencia" del 12 de mayo de 2023, esta "Orden" no le fue notificada correctamente a la peticionaria. **No obstante**, **no podemos obviar que ya la Sra. Méndez García había sido apercibida anteriormente en cuanto a que debía entregar las PIPE actualizadas y**, **hasta esta fecha**, **no la había hecho**.

Por otro lado, el **28 de julio de 2022**, el Sr. Levins informó a la peticionaria sobre varias objeciones a ciertas contestaciones hechas a un interrogatorio. Sin embargo, el 20 de diciembre de 2022, el recurrido informó al tribunal que a esta fecha todavía no se le habían remitido las contestaciones suplementarias. Un mes después, o sea, el **20 de enero de 2023**, el Sr. Levins reiteró que la Sra. Méndez García **aún no había atendido las objeciones hechas a las contestaciones del interrogatorio**. Por esto, solicitó se le ordenase a emitir las contestaciones suplementarias. En vista de ello, el 1 de febrero de 2023, el foro primario concedió a la peticionaria un término de 15 días para expresarse sobre las contestaciones objetadas. Empero, **la Sra. Méndez García no contestó las objeciones al interrogatorio dentro del término concedido**. Por esta razón, el 24 de febrero de 2023, el recurrido peticionó la imposición de sanciones. Finalmente, el 17 de marzo de 2023, el Sr. Levins reiteró que la peticionaria seguía incumpliendo con responder las objeciones hechas a las contestaciones del interrogatorio. Nuevamente, solicitó se le impusieran sanciones.

Como puede observarse, **resulta evidente que la Sra. Méndez García incurrió en reiterados incumplimientos con varias órdenes emitidas por el Tribunal durante el trámite de**

**este caso**. Precisamente, por esta razón fue que el foro primario concluyó que la peticionaria fue temeraria "en el trámite de la revisión de pensión alimentaria", y le impuso el pago de honorarios de abogado.

La determinación de conceder la partida de honorarios de abogado no constituye un abuso de discreción. Por entender que no estamos ante alguna de las circunstancias excepcionales que hacen improcedente la imposición del pago de honorarios de abogado, concluimos que la determinación de temeridad estuvo sujeta a la sana discreción del Tribunal de Primera Instancia. Además, determinamos que resulta razonable. Por las razones que anteceden, nos abstendremos de intervenir con esta.

**IV.**

Por los fundamentos antes expuestos, expedimos el auto de *Certiorari* y confirmamos la "Orden" emitida el 30 de marzo de 2023.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones