Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| JAVIER NÚÑEZ AQUINO, IVIS EMELINA GONZÁLEZ ROSA, LA SOCIEDAD LEGAL DE BIENES GANANCIALES NÚÑEZ – GONZÁLEZ<br><br>Apelante<br><br>v.<br><br>JONATHAN JAVIER MORALES ALICEA, FRANCES LOUCIL AFANADOR<br><br>Apelada | KLAN202500288 | Apelación Procedente del Tribunal de Primera Instancia, Sala de ARECIBO<br><br>Caso Núm.: AR2022CV02224<br><br>Sobre: Acción de Deslinde |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de mayo de 2025.

El 7 de abril de 2025, el Sr. Javier Núñez Aquino, la Sra. Ivis Emelina González Rosa y la Sociedad Legal de Bienes Gananciales que componen entre sí (en adelante, los apelantes) presentaron un recurso de *Apelación* ante este Tribunal. En este, nos solicitaron la revocación de la *Sentencia* emitida en el pleito de epígrafe por el Tribunal de Primera Instancia, Sala Superior de Arecibo (en adelante, TPI o foro primario) con fecha del 30 de enero de 2025, notificada el día 31.[1]

Hemos examinado el expediente, considerado los argumentos de las partes y leído la transcripción de la prueba oral vertida durante el juicio en su fondo celebrado en el caso. Así hecho, resolvemos **confirmar** la decisión apelada. Veamos porqué.

---

[1] En desacuerdo con lo allí resuelto, los apelantes sometieron oportunamente una *Moción Solicitando Determinaciones de Hechos, Conclusiones de Derecho y Solicitud de Reconsideración.* Habiéndose rechazado la misma, comparecieron oportunamente en apelación.

**-I-**

El 15 de diciembre de 2022, los apelantes instaron una *Demanda* sobre deslinde y amojonamiento contra Jonathan Javier Morales Alicea y Frances Loucil Afanador (en adelante, los apelados). En síntesis, allí los apelantes alegaron ser dueños de una propiedad que colinda con otra perteneciente a los apelados cuyos linderos en el lado de su colindancia sur se encontraban confundidos. A su vez, reclamaron que estos últimos estaban en posesión de terrenos de su finca, por lo que solicitaron que el tribunal decretara judicialmente el deslinde en el caso y fijara los linderos de las respectivas propiedades.

El 28 de febrero de 2023, los apelados contestaron la demanda y negaron la mayoría de las alegaciones levantadas en su contra. Afirmativamente, indicaron que eran los apelantes quienes han pretendido alterar el lindero sur y el este entre las propiedades y que son estos quienes han invadido y efectuado actos de dominio sobre el único acceso que tienen para entrar a su propiedad.

Tras los correspondientes trámites, que incluyeron la celebración de una inspección ocular sobre ambas propiedades, el juicio en su fondo en el caso se celebró los días 11 y 12 de septiembre de 2024. El 30 de enero de 2025, el TPI dictó sentencia en la que, en virtud de la prueba testifical y documental recibida y aquella estipulada, formuló cuarenta y nueve (49) determinaciones de hechos. Amparándose en estas, alcanzó diecisiete (17) conclusiones de derecho, entre las que destacan:

[…]

4. Las escrituras de propiedades son pruebas esenciales para determinar sus límites. En el caso que nos ocupa, la escritura notarial de los demandados describe y define claramente donde se encuentran los límites de la colindancia Oeste de su finca y les da la razón a éstos. En ese aspecto, el Código Civil, en su art. 832, es claro en establecer que SOLAMENTE a falta de títulos suficientes es que procede realizar el procedimiento técnico de agrimensura. 31 LPRA sec. 8135.

5. De la escritura de los demandados y de los folios digitalizados de su propiedad, se desprende que su finca colinda por el Oeste o poniente con la casa de María Balseiro Marín, hoy la casa de los demandantes. Siempre se ha descrito que la colindancia legal de la propiedad de los demandados por el Oeste es con la casa de los demandantes y no con un pasillo.

6. Ciertamente, la finca de los demandados colinda por el Oeste con la alineación de la pared que forma la fachada del lateral Este de la casa que enclava en el Solar # 23 que es la casa de los demandantes. Así también lo admitió la agrimensora de los demandantes Ruth L. Trujillo: "la descripción legal de la propiedad de los demandados linda a su izquierda o poniente con casa de Doña María Balseiro"; hoy propiedad de los demandantes. Página 5 de su informe, primer párrafo.

[…]

10. La parte demandada demostró y la inspección ocular que practicó el Tribunal evidenció que la colindancia Oeste de la propiedad de los demandados se extiende hasta la pared Este de la casa de los demandantes. De ahí, que los límites entre ambas fincas están claramente definidos. De paso, la prueba presentada evidenció que ninguno de los dueños anteriores, de la ahora propiedad de los demandantes, cuestionaran la colindancia Oeste de la propiedad de los demandados. Cuando dos terrenos colindantes tienen definidos con claridad sus límites, no procede un deslinde. Artículo 829 del Código Civil, supra.

11. Además, los elementos visuales son esenciales para proporcionar claridad a los propietarios. *Ramírez Quiñones v. Soto Padilla*, supra. Durante la inspección ocular el Tribunal observó que la pared Este de la casa de los demandantes no tiene puertas ni ventanas. Observó que la casa de los demandados fue construida con mampostería y la de los demandantes con cemento. Observó que el pórtico de mampostería del portón de los demandados en su extremo derecho y la columna derecha de mampostería que lo sostiene en su lado Oeste están pegados a la pared Este de cemento de la casa de los demandantes lo que constituyen una marca un hito o un signo indubitado que definen los puntos de colindancias entre ambas propiedades.

[…]

15. Por último, los demandantes reclaman aquellos terrenos de su propiedad que previo deslinde resulten estar en posesión del demandado. Esa alegación se dirime en una acción reivindicatoria y no en la demanda que nos ocupa sobre deslinde y amojonamiento. Por medio de la acción reivindicatoria, "el propietario reclama su cosa de quien la tenga o posea" Ramírez Quiñones v. Soto Padilla, 168 DPR 142, 157 (2006). Tampoco se alegó que la parte demandada tuviera derecho a servidumbre de paso alguna sobre el pasillo en controversia.

16. **Como se ha mencionado anteriormente en este escrito, el tribunal no le puede conferir credibilidad al informe y testimonio de la agrimensora de la parte demandante, ya que su conclusión parte de una premisa que no está sustentada por fundamento alguno que surja de los hechos de este caso o de su pericia en la agrimensura: que el pasillo en controversia fue construido en los años 1800 para uso común y que con el tiempo, los respectivos propietarios de ambas propiedades decidieron construir varias**

**verjas o muros para dividir el mismo entre ellos y restringir el acceso al público en general. Informe, p. 12.** (Énfasis suplido)

17. Es importante que quede palmariamente claro que la parte demandante tiene un pasillo enorme hacia su lado oeste que puede utilizar para entrar y salir de su propiedad. La parte demandante interesa poder entrar a su propiedad por la entrada que tiene al oeste y también por el pasillo en controversia, que se encuentra al este de su propiedad. Conceder lo solicitado por la parte demandante implicaría que la parte demandada tendría que compartir su única entrada de acceso a la propiedad con la parte demandante. Esto no se sostiene jurídicamente a la luz de los fundamentos antes expuestos.

De conformidad con los hechos determinados y las conclusiones de derecho alcanzadas, el TPI declaró No Ha Lugar la demanda presentada por los apelantes. Los apelados sometieron el correspondiente memorando de costas, al que los apelantes se opusieron parcialmente. De otra parte, y por no estar conforme con lo resuelto, los apelantes solicitaron la determinación de hechos adicionales, así como la reconsideración de la decisión. El 5 de marzo de 2025, el TPI declaró No Ha Lugar tal petición.

Inconforme aun, el 7 de abril del año en curso los apelados instaron el recurso de epígrafe y señalaron la comisión de los siguientes errores:

Primer señalamiento de Error

*Erró el Tribunal de Primera Instancia al determinar que no existe confusión de los linderos entre el lindero Este de la propiedad 23 de la Calle Francisco Gonzalo Marín y el lindero Oeste de la Propiedad 21 de la misma calle por motivo del pasillo que divide ambas propiedades y cuya entrada está anclado entre ambas propiedades.*

Segundo señalamiento de Error

*Erró el Tribunal de Primera Instancia al imponer una penalidad de $1,000.00 por concepto de honorarios de abogado cuando no medio frivolidad ni contumacia de la parte demandante.*

Tercer Señalamiento de Error

*Erró el Tribunal de Primera Instancia al conceder por concepto de costas una partida de $3,600.00 por concepto de honorarios periciales ya que el testimonio pericial presentado no era necesario para que prevaleciera la teoría de la parte vencedora.*

Ese día, también sometieron *Moción Sometiendo Transcripción de la Prueba.* Atendidos los documentos presentados, el 9 de abril de 2025 emitimos *Resolución.* El 22 de abril de 2025, los apelados sometieron su *Oposición a Apelación.* Ese día también sometieron *Moción en Cumplimiento*

*de Orden* en la que informó no objetar la transcripción de la prueba oral sometida.

**-II-**

*A.*

El deslinde es la operación por la cual se fijan los límites materiales de una finca que están confundidos.[2] Así, el propietario tiene derecho a deslindar y amojonar su predio, con citación de los dueños de los predios colindantes.[3] La acción de deslinde no prescribe, sin perjuicio de los derechos de usucapión.[4]

El deslinde puede efectuarse por cualquier procedimiento de agrimensura, con citación de los propietarios colindantes, quienes comparecerán en el lugar, día y hora señalados con los títulos que amparen su derecho. En ausencia de títulos suficientes, el deslinde podrá efectuarse por lo que resulte de la posesión en que estén los colindantes. Asimismo, en caso de que los títulos no determinen el límite o área perteneciente a cada propietario y la cuestión no pueda resolverse por la posesión o por otro medio de prueba, el deslinde deberá hacerse mediante la distribución, en partes iguales, del terreno objeto del conflicto.[5]

*B.*

Es una norma firmemente establecida que, ante la ausencia de error manifiesto, prejuicio, parcialidad o pasión, no se favorece la intervención de los tribunales apelativos en la apreciación de la prueba, la adjudicación de credibilidad o las determinaciones de hechos formuladas por el Tribunal de Primera Instancia. Peña Rivera v. Pacheco Caraballo, 213 DPR 1009, 1011 (2024).

---

[2] Artículo 829 del Código Civil de Puerto Rico de 2020, 31 LPRA Sec. 8132.
[3] 31 LPRA, Sec. 8133.
[4] 31 LPRA, Sec. 8134.
[5] 31 LPRA, Secs. 8135-8137.

Esta deferencia judicial, está predicada en que los jueces de las salas de instancias están en mejor posición de aquilatar la prueba testifical debido a que estos tienen la oportunidad de oír, ver y apreciar el comportamiento del testigo. *Íd.*, al mencionar a <u>Ortiz Ortiz v. Medtronic</u>, 209 DPR 759, 778 (2022) y otros. La deferencia debida a los foros primarios se extiende tanto a la adjudicación de credibilidad que éstos realizan sobre los testigos que declaran ante sí, como a las determinaciones de hechos que el juzgador de hechos realiza. <u>Pueblo v. Negrón Ramírez</u>, 2024 TSPR 41, 213 DPR \_\_\_\_, al citar a <u>Pueblo v. Toro Martínez</u>, 200 DPR 834 (2018) y otros. Sin embargo, a modo de excepción, los foros apelativos estamos en las mismas condiciones que el tribunal de instancia para intervenir y apreciar *de novo* la prueba documental que se haya presentado en un juicio. Id., al citar a <u>Díaz García v. Aponte Aponte</u>, 125 DPR 1, 3 (1989).

Es menester señalar que existe error manifiesto cuando el foro apelativo queda convencido de que existe un conflicto entre las conclusiones alcanzadas por el Tribunal de Primera Instancia y el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida. Entiéndase pues, cuando la apreciación de la prueba se distancia de la realidad fáctica o es inherentemente imposible o increíble. <u>Peña Rivera v. Pacheco Caraballo</u>, *supra*. Por su parte, el concepto de pasión, prejuicio y parcialidad han sido definido como aquellas inclinaciones personales de tal intensidad que llevan a un juzgador a actuar movido por éstas y a adoptar posiciones, preferencias o rechazos con respecto a las partes o sus causas, sin admitir cuestionamientos sobre las mismas y sin importar la prueba que se haya presentado en el juicio. <u>Pueblo v. Negrón Ramírez</u>, *supra*, al mencionar a <u>Ortiz Ortiz v. Medtronic</u>, *supra* y demás casos allí citados.

Aparte de lo arriba consignado, un foro apelativo puede intervenir con las determinaciones de hechos y la apreciación de la prueba si se demuestra que este incurrió en un abuso de discreción al apreciar y

adjudicarla. A tales efectos, se incurre en abuso de discreción cuando el juez: "(1) ignora sin fundamento algún hecho material importante que no podía pasar por alto; (2) concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, o (3) a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable".

*C.*

La Regla 44.1(d) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1(d) autoriza a los tribunales a imponer el pago de honorarios de abogados a aquella parte o su abogado que haya actuado con temeridad o frivolidad en el trámite de un procedimiento judicial. Véase Torres Montalvo v. Gobernador ELA, 194 DPR 760 (2016). A tales efectos, el aludido precepto dispone:

> (d) Honorarios de abogado. — En caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. En caso que el Estado Libre Asociado de Puerto Rico, sus municipios, agencias o instrumentalidades haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia una suma por concepto de honorarios de abogado, excepto en los casos en que esté expresamente exento por ley del pago de honorarios de abogado.

La antes citada regla, tiene como propósito "establecer una penalidad a un litigante perdidoso que, **por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos**, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito". Andamios de P.R. v. Newport Bonding, 179 DPR 503, 520 (2010) y casos allí citados. (Énfasis suplido)

Ahora bien, el concepto de temeridad es uno amplio que ha sido descrito como un comportamiento que incide en los procesos judiciales y afecta, tanto el buen funcionamiento de los tribunales como la administración de la justicia. Id., citando a Meléndez Vega v. El Vocero de PR, 189 DPR 123 (2013). Este precepto, también ha sido definido como

**aquella conducta que promueve un pleito que se pudo obviar, lo prolonga innecesariamente o que obliga a una parte a envolverse en trámites evitables.** (Énfasis nuestro). <u>Maderas Tratadas v. Sun Alliance et al.</u>, 185 DPR 880 (2012). Véase, además, <u>Andamios de P.R. v. Newport Bonding</u>, *supra*; <u>Marrero Rosado v. Marrero Rosado</u>, 178 DPR 476 (2010); <u>Colón Santos v. Coop. Seg. Múlt. P.R.</u>, 173 DPR 170 (2008). A su vez, nuestro Tribunal Supremo ha reseñado que la conducta temeraria sujeta al litigante inocente a la ordalía del proceso judicial y lo expone a gastos innecesarios y a la contratación de servicios profesionales, incluyendo abogados, con el gravamen a veces exorbitante para su peculio." <u>Fernández v. San Juan Cement Co., Inc.</u>, 118 DPR 713, 718 (1987), citando a H. Sánchez, *Rebelde Sin Costas*, 4(2) Boletín Judicial 14 (1982).

Igualmente, existe temeridad si el demandado contesta una demanda y niega su responsabilidad total, aunque la acepte posteriormente; si se defiende injustificadamente de la acción; si la parte demandada en efecto cree que la cantidad reclamada es exagerada y esa es la única razón que tiene para oponerse a las peticiones del demandante y no admite francamente su responsabilidad limitando la controversia a la fijación de la cuantía a ser concedida; si se arriesga a litigar un caso del que se desprendía *prima facie* la negligencia. Negar un hecho que le consta es cierto al que hace alegación, también constituye temeridad. <u>P.R. Oil v. Dayco</u>, 164 DPR 486, 511 (2005), citando a <u>Fernández v. San Juan Cement Co., Inc.</u>, *supra*.

La determinación de si se ha incurrido o no en temeridad es una tarea que recae en la discreción sana del tribunal sentenciador y, simultáneamente, le corresponde imponer la cuantía que entienda procedente en respuesta a la conducta temeraria. <u>Meléndez Vega v. El Vocero de PR</u>, *supra,* a la pág. 211; <u>S.L.G. Flores– Jiménez v. Colberg</u>, 173 DPR 843, 866 (2008).

Ante ello, los tribunales apelativos no deben intervenir con el ejercicio de esa discreción, salvo que: se demuestre que hubo un craso abuso de discreción, que el foro recurrido actuó con prejuicio o parcialidad, que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, o cuando la cuantía impuesta sea excesiva. P.R. Oil v. Dayco, *supra*.

**-III-**

Según arriba señalamos, para impugnar la sentencia dictada en el caso los apelantes señalan la comisión de tres (3) errores. El primero de estos está dirigido a cuestionar la apreciación de la prueba efectuada por el foro primario. Específicamente, el análisis valorativo que realizó que lo llevó a concluir que en la controversia de autos no había confusión alguna de los linderos de las propiedades y rechazar su solicitud de deslinde y amojonamiento.

En cuanto a este particular, al discutir su primer error, los apelantes reclaman que el foro primario brindó una importancia y un valor probatorio indebido a la evidencia relacionada a los signos aparentes de colindancia, cuando el Código Civil claramente establece que es mediante la mensura que se establecen los linderos y se realiza el deslinde. Así, exponen que la confusión de linderos reclamada en la *Demanda* quedó evidenciada, inclusive, por el plano de mensura preparado por el Agrimensor Domingo A. Rivera Galiano (en adelante, Rivera Galiano). Esto así, pues la colindancia norte que este fijó excedió por 1.36 metros lineales la distancia lineal indicada en el título del solar de los apelados. A su vez, cuestionan el valor probatorio del trabajo de Rivera Galiano, ya que el límite de la propiedad en la que descansó su informe pericial fue el indicado a él por los apelados y no producto de una mensura científica.

En adición, para impugnar la apreciación de la prueba efectuada por el TPI, los apelantes clasifican de inadecuado el ejercicio de discreción

efectuado por el TPI. Con tal propósito, argumentan que la mejor evidencia que tuvo ante su consideración el foro primario fue el informe pericial y testimonio de su perito, la agrimensora Ruth L. Trujillo Rodríguez (en adelante, Trujillo Rodríguez). Aseveran que, contrario a lo hecho por Rivera Galiano, su perito levantó datos de campo y ubicó mediante georreferenciación los elementos pertinentes al análisis de la mensura y explican el proceso que esta siguió para ello. Los apelantes exponen que, ante la mensura efectuada por Trujillo Rodríguez, fue inapropiada la importancia brindada por el TPI a criterios de fachada de estructuras, acceso a estas, los colores de pintura y los materiales de construcción, entre otros.

Igual de errado clasifican los apelantes la alta importancia que el foro primario brindó a la alegación de que el pasillo reclamado es el único acceso a la propiedad de los apelados, situación que no solo exponen es incorrecta, sino que sugieren es consecuencia de las propias decisiones de los apelados y su negativa a utilizar otros métodos de entrada disponibles. Por último, los apelantes impugnan cualquier valor que el foro primario le haya atribuido al testimonio de los testigos Alberto González Goitia y su hermana Yolanda González Goitia. En primer lugar, insinúan que la declaración de estos no es confiable por razón del agradecimiento que ambos tienen con la apelada Frances Loucil Afanador y su familia, quienes los ayudaron en una situación personal. De igual forma, reiteran que la determinación de una causa de acción de deslinde es un aspecto técnico que requiere la interpretación de títulos y procesos técnicos de mensura que no pueden derrotarse por lo que estos hayan declarado en cuanto a unas aparentes marcas que señalan la colindancia del terreno de los apelantes desde un punto distinto al establecido por su perito. Basándose en cada uno de los argumentos antes recogidos, los apelantes reclaman que se equivocó el foro primario al establecer que no existía una confusión de linderos y por

consiguiente, no procedía la causa de acción de deslinde y amojonamiento sometida por ellos.

Los apelantes, por su parte, al defender la decisión apelada plantean que las descripciones legales de colindancias entre ambas propiedades, los signos y las huellas que ilustran los incuestionables límites de colindancias entre ambas propiedades, la prueba pericial y testifical presentada por los apelados y las fotografías sometidas en Apelación claramente establecían que los apelantes no tienen razón.

Así, destacan que es un hecho estipulado por las partes que conforme la escritura de compraventa de los apelantes, su propiedad colinda al Este con la colindancia Oeste de la finca de los apelados. También resaltan que en la descripción registral de la propiedad no se indica que la colindancia es con un pasillo o callejón. Exponen que la colindancia de las propiedades está claramente establecida en los títulos de propiedad de ambas fincas y que los apelantes pretender crear confusión para sostener el inexistente conflicto de linderos en el que descansa el deslinde que promovieron.

A su vez, plantean que el reclamo de los apelantes ignora que la única entrada de la propiedad de los apelados es esencialmente la porción de terreno que reclaman como suyo. Añaden que los signos que los apelantes pretenden despachar como irrelevantes, constatados por las propias observaciones que el tribunal hizo durante la inspección ocular celebrada en el caso, confirman el testimonio e informe del perito Rivera Galiano, así como lo declarado por Alberto González Goitia y Yolanda González Goitia. También, exponen que toda la evidencia desfilada en el juicio, según creída, demostró que la Agrimensora Trujillo Rodríguez utilizó un punto de partida equivocado al momento de preparar su mensura. Indican que, por tal hecho, dicha mensura y el testimonio de la agrimensora sobre el particular no le mereció credibilidad del foro

primario. Los apelados reclaman que tal ejercicio evaluativo merece nuestra deferencia.

Según arriba citamos, como norma general no se favorece la intervención de los tribunales en la apreciación de la prueba, la adjudicación de credibilidad o las determinaciones de hechos que formula el TPI. Es cierto, como señalan los apelantes, que, como tribunal apelativo, estamos en la misma posición que el TPI para evaluar la prueba documental y pericial. Ello pues, y en lo que respecta al testimonio pericial, existe una excepción a la norma de deferencia que los tribunales apelativos confieren a la apreciación de la prueba. La misma, nos concede una amplia **discreción** al momento de evaluar la prueba pericial. Cruz Flores v. Hospital Ryder Memorial, Inc., 210 DPR 465 (2022).

Hemos estudiado los alegatos de las partes y los documentos que conforman sus apéndices. De igual forma, hemos dado una cuidadosa lectura a la transcripción de la prueba oral en consideración de los planteamientos traídos en apelación por los apelantes. Realizado este ejercicio, no encontramos razón alguna para distanciarnos de la apreciación de prueba efectuada por el tribunal de instancia y revocar la decisión apelada. Veamos por qué.

En el pleito de epígrafe, como parte de la prueba desfilada ante su consideración el TPI tuvo disponible el testimonio de dos (2) peritos, así como de sus respectivos informes. Basándose en lo que cada uno de estos testigos declaró, en el resto de la evidencia desfilada y en **aquellas observaciones realizadas durante la inspección ocular celebrada en el caso**, el juzgador de hechos estimó que el informe pericial realizado por la Agrimensora Trujillo Rodríguez no era confiable, por lo que no encontró probada la confusión de linderos que daría pie a la causa de acción de epígrafe. El foro primario, inclusive, catalogó de cuestionable la mensura realizada por esta con dicho propósito. Su inconformidad con el trabajo de

la experta y consecuente desconfianza hacia sus conclusiones nació de la duda que los apelados lograron sembrar en cuanto a cuál era la real colindancia de la propiedad de sus clientes. [6]

Para cuestionar tal acción, los apelantes se limitan a insistir que el trabajo realizado por su perito era suficiente para evidenciar la confusión de linderos. Para ello, aluden a la gestión realizada por esta, según recopilada en su testimonio e informe. Además, cuestionan el valor probatorio que tiene la opinión del perito de los apelados, así como el testimonio de los demás testigos.

Un estudio independiente de la prueba pericial presentada en el juicio por ambas partes no nos mueve a adoptar un criterio distinto a aquel adoptado o por el TPI en cuanto a la prueba pericial desfilada durante el juicio. Por el contrario, coincidimos con la apreciación del foro primario en cuanto a la desconfianza que produce- frente a la totalidad de la prueba desfilada- el punto de partida escogido por el perito de los apelantes para realizar su mensura. Tal como entendió el foro primario, nos parece que los apelantes no lograron demostrar con certeza que existía una confusión de linderos y, por consiguiente, la procedencia del deslinde que reclamaban. Ello pues, no consta que el punto de partida utilizado por la Agrimensora Trujillo Rodríguez fuera el correcto.

Sabido es que los juzgadores de hechos no están obligados a aceptar las conclusiones de un perito. Esto pues, si luego de evaluar su testimonio concluyen que este no merece credibilidad, tienen la facultad de rechazarlo. SLG v. Mini-Warehouse, 179 DPR 322, 346 (2010). Esto fue lo que ocurrió en el presente caso. El TPI evaluó la prueba pericial de los apelantes y estimó que esta no era confiable, rechazándola. Tal ejercicio, respondió en gran medida a la oportunidad que como tribunal de primera instancia tuvo de

---

[6] Así puede apreciarse de las determinaciones de hechos número 39 a la 42 de la *Sentencia*, las que los apelantes ni siquiera cuestionan directamente.

recibir la prueba testifical y escudriñar los gestos, el lenguaje corporal y los tonos de voces. Como foro apelativo, resolvemos brindarle entera discreción al mismo, por lo que como adelantamos resolvemos que el primer error no fue cometido.

En cuanto a la imposición de honorarios de abogado impugnada en el segundo señalamiento de error, los apelantes reclaman que instaron el pleito bajo el genuino entendido, apoyado en la opinión pericial, que en efecto sí existían conflicto en los linderos. Señalan que el hecho de no haber prevalecido no es sinónimo de frivolidad.

Mientras, los apelados manifiestan que la sanción impuesta respondió a la convicción del tribunal de temeridad por parte de los apelantes. Destacan que, en el análisis realizado por el TPI sobre el asunto, este hizo énfasis al hecho de que el presente caso no se trataba de dos fincas en las que se han borrado con el tiempo los puntos o guardarrayas, requiriéndose la intervención del tribunal, sino de dos propiedades que se encuentran claramente definidas. Por ello, establecen que, si se considera que la penalidad de temeridad se impone con el fin de disuadir la litigación frívola, las expresiones efectuadas por el tribunal al imponer los honorarios demuestran que la temeridad respondió a la frivolidad del reclamo de los apelantes.

Según arriba citamos, la imposición de honorarios de abogado por temeridad es una determinación que recae en la sana discreción del tribunal sentenciador. Es por esta razón que, como tribunal apelativo, no debemos intervenir con tal imposición a menos que el foro recurrido haya actuado con prejuicio o parcialidad, se haya equivocado en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, o cuando la cuantía impuesta sea excesiva.

Al imponer los honorarios de abogado que los apelantes impugnan, el TPI hizo las siguientes expresiones:

A juicio de este servidor, la presentación y litigación del presente caso constituye una acción temeraria de la parte demandante, pues los títulos de la propiedad en cuestión, además de las colindancias físicas de las propiedades en controversia, son claras y no dejan margen a dudas. No es este el caso de dos fincas que se encuentren en los campos de nuestra querida Isla en los cuales se haya borrado con el tiempo los puntos o guardarrayas que separan las propiedades y que requiera la intervención del Tribunal. Se trata de dos propiedades que se encuentran claramente definidas en el centro urbano de uno de los principales municipios de Puerto Rico: Arecibo. Por tal razón, se impone a la parte demandante el pago de $1,000 en concepto de honorarios de abogado a favor de la parte demandada.

Como se aprecia del lenguaje transcrito, ante la clara ausencia de confusión de linderos resuelta, así como la existencia de marcas y signos contundentes encontrados que demarcaban e identificaban claramente las propiedades, el foro primario consideró que el instar la causa de acción de deslinde de epígrafe fue un acto frívolo de los apelantes. No encontramos que esta determinación discrecional del TPI constituya un abuso de discreción de modo que nuestra intervención se justifique. Por lo que, tampoco intervendremos en cuanto a ella.

Similar conclusión alcanzamos en cuanto a la concesión en favor de los apelados de las costas de los honorarios de su perito que los apelantes cuestionan en el tercer error que señalan. Aunque los apelantes argumentan que no procede la concesión de estos honorarios pues el testimonio del perito de los apelados no fue indispensable para la resolución del caso, las razones brindadas por estos a tales efectos no nos convencen. Siendo ello así, tampoco se cometió el tercer error.

**IV**

Por los fundamentos antes expuestos, confirmamos la sentencia apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones