Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| | | |
|---|---|---|
| Asociación de Residentes del Cond. San Francisco<br><br>Apelante<br><br>vs.<br><br>One Alliance Insurance Corporation Aseguradoras A, B, C; Co-Demandados Desconocidos X, Y, Z<br><br>Apelados | TA2025AP00040 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2023CV02639<br><br>Sobre: Daños y Perjuicios; Incumplimiento de Contrato de Seguros; Violaciones al Código de Seguros de Puerto Rico |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 4 de agosto de 2025.

Comparece ante nos la Asociación de Residentes del Condominio San Francisco (en lo sucesivo, apelante o Asociación) y solicita que revisemos la Sentencia Sumaria Parcial emitida el 2 de mayo de 2025,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI o foro primario). Mediante el referido dictamen, el foro primario declaró con lugar la solicitud de sentencia sumaria parcial presentada por la apelante, y, en consecuencia, ordenó el desembolso de $295,301.68 en concepto de pago parcial o adelanto de una reclamación hecha al amparo de una póliza de seguro.

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, modificamos la sentencia apelada por los fundamentos que expondremos a continuación.

---

[1] Notificada el 5 de mayo de 2025.

## I.

La Asociación presentó el 11 de mayo de 2023 una Demanda sobre incumplimiento de contrato contra One Alliance Insurance Corporation (en lo sucesivo, aseguradora o apelada). La apelante suplicó al foro primario que ordenase a la aseguradora a cumplir con la reclamación sobre daños a la propiedad producto del Huracán María, de acuerdo con el informe pericial presentado, y según la cubierta de la póliza de seguro suscrita entre las partes.

Tras varios incidentes procesales que incluyeron la presentación de una moción de sentencia sumaria que fue declarada sin lugar por el TPI y cuyo dictamen fue confirmado por este Tribunal de Apelaciones,[2] el 21 de marzo de 2025, la Asociación presentó una Solicitud de Sentencia Sumaria Parcial o en la Alternativa, Solicitando Orden de Embargo en Aseguramiento de Sentencia. En lo pertinente, la Asociación peticionó al TPI que dictara sentencia ordenando el pago de una suma, ajustada por la propia aseguradora, de $295,301.68 como cuantía parcial referente a la reclamación instada contra la apelada por ser esta una deuda líquida sobre la cual no existía controversia. Señaló la apelante que dicha cantidad no contemplaba la totalidad del dinero adeudado, puesto que su desembolso no da por finalizada la reclamación, según faculta el Código de Seguros de Puerto Rico, *infra.*

Asimismo, la apelante solicitó la imposición de honorarios de abogado por temeridad. Alegó la Asociación que la apelada obstinadamente se opuso al pago adelantado, obligando a la

---

[2] Sentencia emitida el 4 de abril de 2024, identificada con el alfanumérico KLAN202400287. En esa ocasión, la moción de sentencia sumaria no prosperó ya que ambos foros entendieron que la Asociación incumplió con los requisitos de la Regla 36 de Procedimiento Civil, *infra*, incluyendo el dejar de detallar en forma concisa y organizada y en párrafos enumerados, todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, así como las exigencias relacionadas a la prueba.

apelante a invertir tiempo, dinero y recursos en su reclamo judicial.

En respuesta, el 25 de abril de 2025, la aseguradora presentó su Oposición a "Moción Solicitando Sentencia Sumaria Parcial o, en la Alternativa, Solicitando Orden de Embargo en Aseguramiento de Sentencia". En lo relativo a la controversia que nos ocupa, en su recuento de hechos esenciales y pertinentes sobre los cuales no hay controversia, la apelada reconoció la suma de $295,301.68. Empero, la categorizó como una oferta transaccional hecha a la Asociación, que componía el pago total y final de la reclamación.[3] Aclaró la aseguradora que existía controversia sobre la extensión de los daños reclamados y la valoración de estos, por tanto, no se trataba de una deuda líquida. Razonó que, el mero hecho de que se notifique un ajuste a una reclamación no significa que lo adeudado se convierte exigible.

El 5 de mayo de 2025, el TPI emitió la Sentencia Sumaria Parcial apelada, mediante la cual declaró con lugar la solicitud de sentencia sumaria. Para llegar a su conclusión el foro primario hizo las siguientes determinaciones de hechos no controvertidos:

> *1. La parte demandante es la ASOCIACIÓN DE RESIDENTES DEL CONDOMINIO SAN FRANCISCO, representados por su Junta de Directores, quien tiene plena capacidad jurídica para demandar y ser demandada de conformidad con las disposiciones de la Ley Núm. 125 de 7 de mayo de 1942, según enmendada.*
>
> *2. El Condominio San Francisco tiene dirección en 120 Calle Marginal Norte, Bayamón, Puerto Rico 00959.*
>
> *3. El condominio se rige y está constituido bajo la Ley de Propiedad Horizontal. El complejo consta de dos (2) edificios de ochenta (80) apartamentos cada uno.*
>
> *4. La demandada, ONE ALLIANCE INSURANCE CORPORATION, es una corporación registrada y*

---

[3] La determinación de hecho no controvertido que la apelada incluyó en su escrito en oposición lee de la siguiente manera:
> 11. Durante la etapa extrajudicial, One Alliance cursó oferta transaccional por la cantidad de $295,301.68 **como pago total y final de la reclamación**.

*autorizada para operar en Puerto Rico, dedicada al negocio de seguros.*

*5. La dirección física de One Alliance es 270 Avenida Muñoz Rivera, Suite 101, San Juan, Puerto Rico 00918.*

*6. One Alliance expidió la póliza núm. 75-28-000001212-0 a favor de la parte demandante, la cual tenía un periodo de vigencia del 21 de junio de 2017 al 21 de junio de 2018, y estaba limitada por sus cláusulas, endosos y condiciones.*

*7. El Huracán María pasó por Puerto Rico el 20 de septiembre de 2017.*

*8. La parte demandante presentó la notificación de pérdida (Loss Notification) a la aseguradora One Alliance.*

*9. La parte demandante presentó una reclamación alegando que los edificios del Condominio y propiedades habían sufrido daños como consecuencia del Huracán María, a la cual One Alliance asignó el número de reclamación 101516.*

*10. Durante la etapa extrajudicial, One Alliance realizó la investigación y ajuste de la reclamación presentada por la parte demandante.*

*11. Durante la etapa extrajudicial, One Alliance cursó oferta transaccional por la cantidad de $295,301.68.*

El TPI amparó su análisis en el Art. 27.166 del Código de Seguros, *infra*. Razonó que, en circunstancias cuando no exista controversia sobre una partida de la reclamación, el articulado obliga al asegurador a emitir el pago correspondiente, independientemente de las partidas que sí estén en controversia. Ello, para asegurar un ajuste rápido, justo y de buena fe. Añadió que, en vista de que la apelada reconoció la cuantía de $295,301.68, dicha oferta constituye la postura institucional de la aseguradora. En vista de lo anterior, concluyó que procedía el desembolso del aludido ajuste, pues no existía controversia sobre la cuantía.

Puntualizó el foro primario que, según dispone el Art. 27.166, *infra*, la aceptación de un pago parcial no es equivalente a la resolución final de la reclamación. Es decir, no se debe entender que la cantidad de $295,301.68 es un pago en finiquito o

una renuncia a cualquier derecho que surja de la reclamación que no esté contenido en la declaración de oferta de pago parcial o adelanto. Finalmente, el TPI dictaminó que la petición de honorarios por temeridad era improcedente.

Aun cuando el petitorio de la Asociación fue concedido, la parte estuvo inconforme con las determinaciones de hechos formuladas por el TPI, así como con la determinación referente a los honorarios, razón por lo cual presentó una Moción de Reconsideración Parcial y Solicitud de Enmienda de la Determinación de Hechos No Controvertidos, el 20 de mayo de 2025. La referida solicitud fue declarada No Ha Lugar mediante Orden emitida el 22 de mayo de 2025. Inconforme aun, la Asociación acudió a este foro apelativo intermedio el 23 de junio de 2025 y señaló la comisión de los siguientes errores:

*Primer Señalamiento de Error:*

*Erró el TPI al no enmendar sus determinaciones de hechos de la Sentencia Sumaria Parcial para que reflejen la prueba presentada, el derecho vigente y lo expuesto en la Solicitud Sumaria Parcial de la Apelante.*

*Segundo Señalamiento de Error:*

*Erró el Tribunal de Primera Instancia al adoptar, de forma inexplicable, en su Sentencia Sumaria Parcial todos los supuestos 'hechos no controvertidos' propuestos por la parte perdidosa (apelada-demandada), incluyendo la frase "oferta transaccional", cuando lo que surge de la Sumaria Parcial de la Apelante (la parte victoriosa) es que hubo un "ajuste" y no una "oferta transaccional", lo cual podría dar la errónea impresión de que la cantidad en cuestión forma parte de una oferta transaccional, cuando en realidad no lo es.*

*Tercer Señalamiento de Error:*

*Erró el TPI al adoptar en su Sentencia Sumaria Parcial los hechos que propuso la parte perdidosa (Apelada) en su Oposición a Sentencia Sumaria, a pesar de que los Apelados no presentaron documentos o declaración jurada en su Oposición y no controvirtieron los "hechos" que la Apelante propuso en su Solicitud de Sentencia Sumaria.*

*Cuarto Señalamiento de Error:*

*Erró el Tribunal al determinar que el ajuste del seguro equivale a una oferta transaccional. Cuando*

*consistentemente el Tribunal Supremo y el Tribunal de Apelaciones ha expresado y reiterado que el ajuste no se puede considerar como una oferta transaccional.*

*Quinto Señalamiento de Error:*

*Erró el Tribunal de Primera Instancia al no imponer severas sanciones a la parte apelada, ya que, ante la falta de argumentos para oponerse en los méritos a la Solicitud de Sentencia Sumaria, dio la impresión de estar de acuerdo con los hechos incontrovertidos planteados por la parte apelante, y procedió a alterarlos para que aparentara que la cantidad reclamada en la Solicitud de Sentencia Sumaria Parcial forma parte de un acuerdo transaccional.*

*Sexto Señalamiento de Error:*

*Erró el TPI al no imponerle, en la Sentencia Sumaria Parcial, honorarios por temeridad y sanciones contra la parte Apelada-Demandada.*

Previo a la presentación del recurso de apelación, la Asociación presentó el 20 de junio de 2025 una Moción Solicitando Orden para que la Parte Demandante Consigne el Pago Parcial de la Reclamación. Dicha petición fue declarada con lugar mediante orden emitida el 24 de junio de 2025. En cumplimiento de lo ordenado, la aseguradora presentó el 26 de junio de 2025 su Moción de Consignación, junto a la cual acompañó copia del cheque certificado por la suma de $295,301.68 que fue consignado en el Tribunal de Primera Instancia.

Mediante "Resolución" emitida el 3 de julio de 2025, esta Curia otorgó un término a la parte apelada, a vencer el 22 de julio de 2025, para la presentación de su alegato en oposición. Presentado el escrito según ordenado, procedemos a resolver con el beneficio de ambas comparecencias.

**II.**

**A.**

En nuestra jurisdicción, la industria de los seguros está revestida de un gran interés público debido a su importancia, complejidad y efecto en la economía y la sociedad. *Jiménez López et al. v. SIMED*, 180 DPR 1 (2010); *S.L.G. Francis-Acevedo v.*

*SIMED*, 176 DPR 372 (2009); *Echandi Otero v. Steward Title*, 174 DPR 355 (2008). Por ello, es reglamentada extensamente por el Estado mediante la Ley Núm. 77 de 19 de junio de 1957, según enmendada, conocida como el Código de Seguros de Puerto Rico, 26 LPRA sec. 101, *et seq.*; rigiendo el Código Civil de manera supletoria. *Jiménez López et al. v. SIMED, supra*; *S.L.G. Francis-Acevedo v. SIMED, supra.*

El Capítulo 27 del Código de Seguros de Puerto Rico, *supra*, prohíbe a las aseguradoras autorizadas incurrir en prácticas desleales y fraudes en el contrato de seguros. "El propósito de este capítulo es el de regular las prácticas comerciales en el negocio de seguros, definiendo o disponiendo para la determinación de todas las prácticas en Puerto Rico que constituyen métodos desleales de competencia, o actos o prácticas engañosas, y prohibiendo las prácticas comerciales que así se definan o determinen." Art. 27.010 del Código de Seguros de Puerto Rico, 26 LPRA sec. 2701. Para ello, el Art. 27.161 del Código de Seguros de Puerto Rico, *supra,* catalogó como prácticas desleales aquellas relacionadas al ajuste de reclamaciones por parte de una aseguradora. *Carpets & Rugs v. Tropical Reps*, 175 DPR 614, 632 (2009). Conforme al referido Artículo, constituye un acto desleal por parte de una aseguradora el no intentar de buena fe llevar a cabo un ajuste rápido, justo y equitativo de una reclamación de la cual surja claramente la responsabilidad. 26 LPRA sec. 2716a (6).

Cónsono con lo anterior, se ha establecido que cuando una aseguradora "escoge cumplir con su obligación mediante el envío de una oferta razonable al asegurado, dicha oferta constituye el estimado del asegurador de los daños sufridos por su asegurado". *Carpets & Rugs v. Tropical Reps, supra,* a la pág. 635. Ese documento emitido por el asegurador, producto de una investigación adecuada y un análisis detenido, "constituye la

postura institucional del asegurador frente a la reclamación de su asegurado". Íd. En ese sentido, nuestro derecho de seguros le prohíbe a una aseguradora, ante un reclamo de su asegurado, denegar partidas que en su ajuste inicial entendió procedentes a la luz de la investigación realizada, en ausencia de fraude u otras circunstancias extraordinarias que lo ameriten. *Carpets & Rugs v. Tropical Reps, supra,* a la pág. 636. Esto responde a que no se está ante una negociación conducente a un posible contrato de transacción, sino que dicha oferta se realiza "como parte de su obligación al amparo del Código de Seguros de Puerto Rico de resolver de forma final una reclamación de un asegurado [...]". Íd., a la pág. 639.

Lo arriba esbozado encuentra apoyo y es implementado a través del Art. 7(d) de la Regla XLVII del Reglamento del Código de Seguros, Reglamento Núm. 2080 de 6 de abril de 1976, el cual dispone que "[e]n todo caso en el cual no exista controversia sobre uno o varios aspectos de la reclamación, se deberá hacer el pago correspondiente, independientemente de que exista controversia en cuanto a otros aspectos de la reclamación, siempre que el mismo se pueda efectuar sin perjuicio de ambas partes".

Resulta menester señalar que la práctica reseñada fue adoptada por el Art. 27.166 del Código de Seguros, el cual establece las normas sobre los pagos parciales o en adelantos de la reclamación ante un evento atmosférico. Allí, en lo pertinente, se dispone lo siguiente:

> *(a) Cuando entre el asegurado o reclamante y asegurador no exista controversia sobre una o más partidas de la reclamación para las cuales el asegurado haya provisto al asegurador la documentación requerida en la póliza, el asegurador vendrá obligado a emitir el pago correspondiente a la partida o las partidas de la reclamación en que no exista controversia, independientemente de las otras partidas de la reclamación en que exista controversia.*

.     .     .     .     .     .     .     .

*(d) La aceptación de un pago parcial o en adelanto por el asegurado reclamante no constituirá, ni podrá ser interpretado, como un pago en finiquito o renuncia a cualquier derecho o defensa que éste pueda tener sobre los otros asuntos de la reclamación en controversia que no estén contenidos expresamente en la declaración de oferta de pago parcial o en adelanto.*

*(e) El pago parcial o en adelanto no constituirá una resolución final de la totalidad de la reclamación con arreglo a los Artículos 27.162 y 27.163 de este Código.*

26 LPRA sec. 2716f.

El precitado Artículo fue incorporado al Código de Seguros mediante la Ley Núm. 243-2018, aprobada tras el paso del Huracán María, para manejar las reclamaciones pendientes y ordenar a los aseguradores de la propiedad a "emitir pagos parciales o en adelantos al asegurado o reclamante luego de un evento catastrófico de las partidas que no estén en controversia y para otros asuntos relacionados". *Feliciano Aguayo v. MAPFRE,* 207 DPR 138, 155 (2021). Ello, con el propósito de "estimular pagos a los asegurados o reclamantes afectados, para que puedan comenzar los arreglos para la reconstrucción o reparación de sus residencias y para iniciar la operación de los comercios, ayudando así a reactivar nuestra economía con mayor prontitud". *Íd*

A su vez, nuestro Máximo Foro Judicial señaló que, "[t]al principio también estaba estatuido en el Art. 1123 del derogado Código Civil, que, en lo pertinente, disponía que un acreedor no podía ser obligado —a menos que el contrato expresamente lo autorizara— a recibir las prestaciones de la obligación de forma parcial". *Feliciano Aguayo v. MAPFRE, Id.* a la pág. 156. Según establecía la disposición aludida, "cuando la deuda tuviere una parte líquida y otra ilíquida, podrá exigir el acreedor y el deudor puede hacer el pago de la primera, sin esperar a que se liquide la segunda". *Id.* En ese sentido, "[u]na deuda es "líquida" cuando la cuantía de dinero debida es cierta y determinada". *Ramos y otros*

*v. Colón y otros,* 153 DPR 534, 546 (2001). Por el contrario, es ilíquida cuando es fluida e incierta la cuantía del balance que saldaría el contrato. *A. Martínez & Co. v. Long Const. Co.,* 101 DPR 830, 834 (1973).

**B.**

La Regla 44.1 (d) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1 (d), rige lo concerniente a la imposición de honorarios de abogado. Pertinente al caso que nos ocupa dispone lo siguiente:

> *(d) Honorarios de abogado – En caso de que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta.*

El propósito de la imposición de honorarios por temeridad es "establecer una penalidad a un litigante perdidoso que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito". *Andamios de P.R. v. Newport Bonding,* 179 DPR 503, 520 (2010), citando *Fernández v. San Juan Cement Co., Inc.,* 118 DPR 713, 718 (1987).

Se entiende que un abogado, abogada o una de las partes actúa temerariamente cuando obliga a otra u otras partes a incurrir en gastos innecesarios al presentar reclamaciones frívolas, dilatar los procesos ya instados, o crear gestiones evitables. *Marrero Rosado v. Marrero Rosado,* 178 DPR 476, 504 (2010); *Jarra Corp. v. Axxis Corp.,* 155 DPR 764, 779 (2001). Es una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y la administración de la justicia. Aunque la imposición de honorarios de abogado es discrecional, "[d]eterminada la existencia de temeridad, la condena de

honorarios es imperativa". *Blás v. Hosp. Guadalupe, supra,* a la pág. 334 (1998).

Ahora bien, no procede la imposición del pago de honorarios de abogado en las siguientes circunstancias, a saber: (1) cuando lo que se enuncia ante el tribunal son controversias complejas y novedosas que no han sido resueltas; (2) cuando se actúa acorde con una apreciación errónea del derecho y no hay precedentes establecidos sobre el asunto, o (3) cuando existe alguna discrepancia genuina en cuanto a quién favorece el derecho aplicable. *Santiago v. Sup. Grande,* 166 DPR 796, 821 (2006). En estas situaciones, la temeridad es inexistente. *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 277 (2021). Sin embargo, si no está presente alguna de estas circunstancias, "[l]a determinación de temeridad o frivolidad está sujeta a la sana discreción del Tribunal de Primera Instancia". *Torres Vélez v. Soto Hernández,* 189 DPR 972, 993-994 (2013). (Énfasis nuestro). Por ende, los tribunales apelativos sólo intervendrán con dicha determinación cuando surja un abuso de discreción.

### III.

En su escrito de apelación, la Asociación arguye que el foro primario erró al adoptar los hechos no controvertidos, según presentados —y equívocamente alterados— por la parte apelada en su oposición a la moción de sentencia sumaria. En específico señaló que, en el hecho no controvertido número 11 se empleó el término de *oferta transaccional,* en lugar de *ajuste de reclamación* conforme a la propuesta de hechos de la parte apelante. La Asociación considera que, el referido cambio pudiese viabilizar que la aseguradora levante tardíamente la defensa afirmativa de transacción, y con ello continue dilatando los procedimientos, aun cuando nuestro ordenamiento jurídico reconoce que los ajustes de seguros no son ofertas transaccionales que den por finalizada una

reclamación. En virtud de lo anterior, nos suplica que modifiquemos las determinaciones de hechos de la Sentencia Sumaria Parcial, para que lean como las determinaciones ofrecidas en la moción de sentencia sumaria.

Por su parte, la aseguradora expuso en su escrito de Oposición a Apelación que su intención nunca fue dar impresiones falsas ni inducir a error al tribunal. Al contrario, reconoció que el pago en finiquito dejó de existir en las reclamaciones de pólizas de seguros tras los pronunciamientos de nuestro Tribunal Supremo. Postuló la apelada que. fue la propia Asociación quien indujo a error al foro primario al identificar la oferta extrajudicial que la aseguradora hizo como un ajuste, cuando en su primera solicitud de sentencia sumaria la catalogó como lo que fue, una oferta de transacción que la aseguradora le cursó a la apelante. Nos enfatizó la aseguradora que, lo anterior explica la razón por la cual incluyó en su propuesta de hechos el lenguaje de oferta transaccional. Por tanto, no estima correctas las aseveraciones de la parte Asociación que alegan que la oferta transaccional nunca existió, pues esta surge del propio expediente

Primeramente, puntualizamos que el foro primario no adoptó tal cual el texto de la determinación de hecho número 11 según redactada por la aseguradora, pues no incorporó la porción que especificaba que la cuantía representaba el pago total y final de la reclamación. No obstante, notamos que sí utilizó el término de *oferta transaccional*. Palabras que contradicen su dictamen, ya que atinadamente razonó que, al amparo del Art. 27.166 del Código de Seguros, *supra,* el dinero a desembolsarse no corresponde a la totalidad de la reclamación, sino a su porción líquida.

En virtud de lo anterior, modificamos la Sentencia Sumaria Parcial para que la determinación de hecho no controvertido

número 11 goce de congruencia con la determinación final del foro primario. En consecuencia, se sustituye el lenguaje empleado por el TPI en su determinación de hecho por el siguiente texto:

> 11. One Alliance preparó un ajuste de la reclamación de la Parte Demandante donde reconoce que le adeuda a la parte demandante la cantidad de doscientos noventa y cinco mil trescientos un dólares, con sesenta y ocho centavos ($295,301.68).

Ahora, procedemos a discutir los señalamientos de error referentes a la petición de imposición de honorarios por temeridad. Tras un análisis sosegado de expediente, no identificamos conducta constitutiva de temeridad por la parte apelada que nos motive a sustituir nuestro criterio por el del Tribunal de Primera Instancia. Advertimos que, en esta etapa de los procedimientos no se desprende de la gestión de la aseguradora que esta haya actuado de manera contumaz o temeraria. Así pues, colegimos que no erró el foro primario al determinar la improcedencia de los honorarios.

## IV.

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, se modifica la Sentencia Sumaria Parcial emitida el 2 de mayo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón, con el único propósito de variar el lenguaje utilizado en la determinación de hecho incontrovertido número once, para que lea de la siguiente manera:

> 11. One Alliance preparó un ajuste de la reclamación de la Parte Demandante donde reconoce que le adeuda a la parte demandante la cantidad de doscientos noventa y cinco mil trescientos un dólares, con sesenta y ocho centavos ($295,301.68).

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones